■ INTERNATIONAL FIDELITY INSURANCE COMPANY, Respondent, v EUROPEAN AMERICAN BANK, Appellant.—In a proceeding pursuant to CPLR 5239 to determine adverse claims to property of a judgment debtor, the appeal is from a judgment of the Supreme Court, Suffolk County (Tanenbaum, J.), dated July 24, 1985, which granted the petitioner's judgment lien priority over that of the appellant.

Ordered that the judgment is reversed, on the law, with costs, and the priority of the appellant's judgment is reinstated.

The appellant's service of a summons against the debtor, who had filed a petition for bankruptcy pursuant to USC chapter 11 violated the automatic stay provided for in that chapter against the commencement of actions against the debtor concerning preexisting debts (11 USC § 362 [a] [1]; Matter of Oliver, 38 Bankr 245, 247; Matter of Murray, 5 Bankr 732). However, the stay did not deprive the court of jurisdiction over the action commenced but merely suspended the proceedings (see, David v Hooker, Ltd., 560 F2d 412; Matter of Lahman Mfg. Co., 31 Bankr 195). While acts taken in violation of the stay may be voided in appropriate circumstances where they have prejudiced the other parties to the

bankruptcy proceeding *(Matter of Oliver, supra,* at 948; *Matter of Fuel Oil Supply & Terminaling,* 30 Bankr 360) no such prejudice occurred here *(cf., D & D Realty v Lionel Corp.,* 87 AD2d 859). The debtor was not prejudiced since the appellant ceased prosecution of the action when informed of the bankruptcy proceeding and only moved to secure a default judgment against the debtor two months after the dismissal of the bankruptcy proceeding terminated the automatic stay. Further, contrary to the petitioner's claim, the delay it encountered in reducing its claim against the debtor to judgment was not due to the appellant's commencement of its action during pendency of the bankruptcy proceedings. Rather, it was due to the petitioner's attempts to serve the debtor at an incorrect address notwithstanding the fact its attorneys had knowledge of the correct address of the debtor. Mangano, J. P., Bracken, Eiber and Spatt, JJ., concur. *[See,* 129 Misc 2d 257.]