OPINION OF THE COURT
Irving A. Green, J.
This is a special proceeding brought on behalf of the petitioner which seeks:
(1) a judgment of eviction awarding to the petitioner the possession of premises designated and described as follows: 14-16 Stanton Street, City of Middletown — section 45, block 5, lot 20; and 12 Stanton Street, City of Middletown, section 45, block 4, lot 21; and
*170 (2) for judgment against the respondent in the sum of $48,000 as and for the reasonable rental value of such properties since April 29, 1985.
The relief sought is opposed by the respondents principally upon the ground that the acquisition by petitioner of the title and right to possession of said properties was in violation of automatic stays in bar of such acquisition by petitioner by reason of proceedings initiated by respondents under the Federal Bankruptcy Code, namely, a chapter 11 (11 USC § 1101 et seq.) proceeding filed August 19, 1981, which proceeding was converted to a chapter 7 (11 USC § 701 et seq.) liquidation proceeding on March 28, 1983.
The chronology of the material events are that on March 26, 1982, the petitioner conducted a tax sale of the subject properties for nonpayment of taxes due during the year 1980. Thus, the sale was conducted subsequent to the automatic stay with respect to the estate of the respondent debtor submitted to the jurisdiction of the Bankruptcy Court. (11 USC § 362.)
It appears undisputed that neither the Bankruptcy Court having jurisdiction of the estate of the respondents nor the trustee appointed to administer such estate took any action to bar or void such tax sale sua sponte or upon application of the respondent debtor or any of the creditors of such estate.
The respondent, having failed to redeem the property within the three-year time period prescribed by law, in April 1985, the petitioner caused a deed to be delivered transferring title to the subject properties to itself as a result of said tax sale.
Under date of May 2, 1985, the trustee in bankruptcy of the estate of respondents advised the petitioner’s counsel, as far as here relevant:
"A hearing on the final Report and Accounting of the Trustee was held on June 5, 1985.
"The real property owned by the debtor was not administered by me as Trustee. Therefore, the bankruptcy estate has incurred no liability with respect to that property.
"Title to the property has at all times, to the best of my knowledge, remained in Holiday Syrups, Inc. Therefore, the City of Middletown must look to the owner of the property for payment of any obligations arising out of such ownership.”
A review of relevant judicial decisions addressing the question of the validity of a foreclosure sale proceeding after the *171 filing of bankruptcy petitions which trigger an automatic stay of proceedings affecting preexisting debts and liens against the debtor’s property make it clear that this is indeed a gray area.
This court, however, is persuaded that the applicable principle for this case is correctly stated in International Fid. Ins. Co. v European Am. Bank (129 AD2d 679, 680), as follows: "However, the stay [11 USC § 362 (a) (1)] did not deprive the court of jurisdiction over the action commenced but merely suspended the proceedings [cases cited]. While acts taken in violation of the stay may be voided in appropriate circumstances where they have prejudiced the other parties to the bankruptcy proceeding [cases cited], no such prejudice occurred here [case cited].”
Similarly, in this case, no prejudice is claimed or demonstrated with respect to other parties to the bankruptcy proceeding in this instance. Indeed, as stated above, the trustee in bankruptcy disclaimed the administration of the subject property by the Bankruptcy Court under himself as trustee of the respondents’ estate. No objection has been made by the trustee in bankruptcy to the foreclosure sale of the subject property during the pendency of the bankruptcy proceedings. (See, Isaacs v Hobbs Tie & Timber Co., 282 US 734.)
Since the respondent was not afforded any of the advantages with respect to the subject real property, which otherwise may 'have accrued to it if such real property had been subject to administration by the trustee in bankruptcy, no prejudice is shown to have been suffered by the respondent by reason of the continuation of the foreclosure proceeding in the State court.
This court, therefore, concludes that the petitioner presently holds valid legal title to the subject premises and is entitled to the possession thereof by reason of, and since the date of, the transfer of title by appropriate deed to the petitioner pursuant to the foreclosure judgment. The court, therefore, directs that petitioner be placed in possession of the subject premises pursuant to RPAPL article 7, in accordance with law.
Judgment may be entered accordingly. Execution upon such judgment is stayed for a period of 30 days after the date of the entry of judgment with notice of its entry upon respondents.
Plenary hearing upon the petitioner’s claim for the reasonable rental value of the subject premises since April 29, 1985, will be set upon the filing of a note of issue and payment of lawful fees.