■ DAVID BAKER et al., Respondents, v JAMES W. BLOOM et al., Appellants, et al., Defendants.—Mercure, J. Appeal from an order of the Supreme Court (Walsh, Jr., J.), entered September 18, 1987 in Hamilton County, which denied a motion by defendants James W. Bloom and Marjorie A. Bloom to, *inter alia,* dismiss the complaint for lack of jurisdiction.

Plaintiffs commenced an action to foreclose a mortgage on premises known as the Water's Edge Motel at Lake Pleasant in Hamilton County by service of a summons and complaint upon defendants James W. Bloom and Marjorie A. Bloom (hereinafter collectively referred to as defendants) in Florida on April 18 and 21, 1986. Unknown to plaintiffs, defendants had filed a petition in bankruptcy in United States Bankruptcy Court for the Middle District of Florida on April 16, 1986. Plaintiffs subsequently sought and obtained an order of Bankruptcy Court lifting the automatic stay imposed by 11 USC § 362 (a) "to permit [plaintiffs] to pursue their remedies on the property known as Water's Edge Motel" on February 5, 1987 and thereafter obtained judgment of foreclosure and sale and the appointment of a receiver. Defendants then moved for an order removing the receiver, upon the ground that they were not given notice of plaintiffs' application for his appointment, and dismissing the action pursuant to CPLR 3211 (a) (2) for lack of jurisdiction. Supreme Court denied the motion in all respects and defendants appeal.

We affirm. Initially, we reject the contention that the commencement of the foreclosure action after the filing of the petition in bankruptcy was a nullity and that the subsequent lifting of the automatic stay could not "breathe life" into it. We agree with the Second Department that "the stay did not deprive the court of jurisdiction over the action commenced but merely suspended the proceedings" and that "[w]hile acts taken in violation of the stay may be voided in appropriate circumstances where they have prejudiced the other parties to the bankruptcy proceeding * * * no such prejudice occurred here" *(International Fid. Ins. Co. v European Am. Bank,* 129

AD2d 679, 680; *accord, Rhoten Constr. Co. v Third Natl. Bank*, 22 Bankr 335; *City of Middletown v Holiday Syrups*, 138 Misc 2d 169, 171). Accordingly, the dormant action was revived by the lifting of the stay and properly proceeded to judgment thereafter. The cases of *Kalb v Feuerstein* (308 US 433) and *Longshoremen v Davis* (476 US 380), which merely underscore the well-established principle of Federal supremacy and that State courts are powerless to take action toward or in furtherance of judgment during the pendency of the stay, do not require a different result since here the Federal court specifically authorized plaintiffs to "pursue their remedies" in State court in the order lifting the stay *(see, Litton Sys. v Frigitemp Corp.*, 8 Bankr 284). We recognize that courts in Kansas and Kentucky have found actions commenced after the filing of a petition in bankruptcy to be void *ab initio (see, United Northwest Fed. Credit Union v Arens*, 233 Kan 514, 664 P2d 811; *Raikes v Langford*, 701 SW2d 142, 145 [Ky]), but decline to adopt that view, at least in cases such as this where there is no indication of prejudice to defendants or their creditors.

Finally, we reject defendants' contention that they were entitled to notice of plaintiffs' application for appointment of the receiver. The mortgage recites that "[i]f Mortgagee sues to foreclose the note and Mortgage, Mortgagee shall have the right to have a Receiver appointed to take control of the property". Real Property Law § 254 (10) provides: "A covenant 'that the holder of this mortgage, in any action to foreclose it, shall be entitled to the appointment of a receiver,' must be construed as meaning that the mortgagee, his heirs, successors or assigns, in any action to foreclose the mortgage, shall be entitled, *without notice* * * * to the appointment of a receiver" (emphasis supplied). The clear import of this provision is that defendants were not entitled to notice *(see, Clinton Capital Corp. v One Tiffany Place Developers*, 112 AD2d 911, 912). We find nothing in RPAPL 1325 (1) which compels a contrary result.

Order affirmed, with costs. Casey, J. P., Mikoll, Yesawich, Jr., Levine and Mercure, JJ., concur.