558 So.2d 519 (1990)
BARTON-MALOW COMPANY and the Aetna Casualty and Surety Company, Appellants,
v.
GORMAN COMPANY OF OCALA, INC., Appellee.
No. 89-384.
District Court of Appeal of Florida, Fifth District.
March 22, 1990.
*520 James C. Clark of Law Offices of James C. Clark, Sarasota, for appellants.
Thomas C. Ranew, Jr. of Law Offices of MacKay & Ranew, P.A., Ocala, for appellee.
GOSHORN, Judge.
Barton-Malow Company, the general contractor, and Aetna Casualty and Surety Company, the surety on the labor and materials payment bond, appeal a final judgment in favor of Gorman Company of Ocala, Inc., the plumbing materials supplier, in Gorman's suit on the bond. Appellants argue, inter alia, that the trial court erred in denying their motion to dismiss the action based on Gorman's failure to prosecute the case. Because we find this issue is dispositive of the appeal and requires reversal, we do not address the other issues raised by appellants.
Barton-Malow entered into a subcontract with Larry E. Ballard Plumbing Company *521 for Ballard to perform all plumbing in the construction of a detention center. Ballard contracted with Gorman to supply the plumbing materials for the project. Ballard failed to pay Gorman for the materials and Gorman filed suit against appellants seeking to recover on the payment bond. Appellants in turn attempted to sue Ballard as a third party defendant. The third party complaint against Ballard was filed subsequent to Ballard's filing of a petition for bankruptcy.
It was undisputed that there was no record activity in the action for a period in excess of one year. Rule 1.420(e), Florida Rules of Civil Procedure provides:
(e) Failure to Prosecute. All actions in which it appears on the face of the record that no activity by filing of pleadings, order of court or otherwise has occurred for a period of one year shall be dismissed by the court on its own motion ... unless ... a party shows good cause in writing at least five days before the hearing on the motion why the action should remain pending... .
Appellants have the burden to show the court abused its discretion in finding good cause. Adams Engineering Company v. Constructions Products Corp., 156 So.2d 497 (Fla. 1963). Good cause requires some contact with the opposing party and some form of excusable conduct or occurrence which arose other than through negligence or inattention to pleading deadlines. F.M.C. Corporation v. Chatman, 368 So.2d 1307 (Fla. 4th DCA), cert. denied, 379 So.2d 203 (Fla. 1979). While Gorman did maintain contact with appellants, as evidenced by two documented telephone calls regarding whether appellants' offer of settlement remained open, Gorman's failure to prosecute did not stem from any form of excusable conduct or occurrence.
Gorman alleged in its memorandum in opposition to appellants' motion to dismiss that it "totally relied" upon the suggestion of bankruptcy filed by Ballard as being a complete bar to any further action in its suit against appellants.[1] However, a petition for bankruptcy operates as a stay of the commencement of a judicial proceeding against the debtor or the employment of process, 11 U.S.C.A. § 362(c)(2), and thus the subsequent filing of a third party complaint violates the stay and is void. See United Northwest Federal Credit Union v. Arens, 233 Kan. 514, 664 P.2d 811 (1983) and cases cited therein. But see Baker v. Bloom, 146 A.D.2d 859, 536 N.Y.S.2d 267 (A.D. 3 Dept. 1989) (action filed after bankruptcy petition was filed is not void ab initio, but rather is dormant and is revived by the lifting of the automatic stay). Because the trial court did not acquire jurisdiction over Ballard, Ballard's bankruptcy could not affect the instant suit.
Gorman argues that its misunderstanding of the effect of the bankruptcy petition was good cause sufficient to preclude dismissal for failure to prosecute. This argument is without merit. Gorman's counsel contends he had a right to rely on a suggestion of bankruptcy filed by what would have been opposing counsel. Gorman's attorney did nothing to determine the effect of the stay on Gorman's case against appellants. The notice filed by Ballard's attorney merely suggested to the trial court that the above-styled matter was automatically stayed and sought an order staying the proceeding pending disposition of the bankruptcy proceedings. No order staying the cause was ever entered. Gorman's counsel was not entitled to rely on a pleading and legal conclusion reached by counsel for what would have been an opposing party. Rather, Gorman's counsel himself should have determined the legal effect of the stay on Gorman's case against appellants. Cf. Chandler v. Florida Farm Bureau Mutual Insurance Company, 546 So.2d 1179 (Fla. 4th DCA), review dismissed, 553 So.2d 1165 (Fla. 1989) (counsel was entitled to rely on information provided by the court clerk in the execution of his *522 ministerial duties where counsel took action to determine the status of the case but relied on erroneous information from the clerk, which reliance resulted in a failure to timely prosecute this case).
Gorman failed to establish good cause for failing to timely prosecute the case. The trial court erred in not dismissing the case on that basis.
REVERSED.
COWART, J., concurs.
DAUKSCH, J., concurs specially in conclusion only.
NOTES
[1] This assertion is, however, contradicted by Gorman's response to appellants' motion to dismiss for failure to prosecute, wherein Gorman alleged that some four months after receiving a copy of the suggestion of bankruptcy Gorman's counsel wrote counsel for the defendant Barton-Malow requesting the name of the appropriate corporate officer for deposition purposes.