DOWNEY, Judge,
dissenting:
This case involves an appeal from an order dismissing appellant’s action for lack of prosecution pursuant to Florida Rule of Civil Procedure 1.420(e).
Appellants, Nebuchadnezzar Freeman and his wife, sued appellees, Keith Toney, and Orkin, his employer, for damages resulting from an automobile accident. On November 3, 1988, Orkin filed an answer and affirmative defenses. On February 9, 1990, the trial court filed an order directing counsel to advise the court of the status of the case within fifteen days. On March 6, 1990, the trial court filed a Motion and Notice of Hearing RE: Involuntary Dismissal, noting no record activity within one year and directing good cause to be shown on May 7, 1990, why the action should not be dismissed. Prior to the hearing Freeman filed a motion to substitute counsel, a notice of appearance, and a response with affidavits opposing the motion to dismiss for lack of prosecution. The trial court heard the matter and entered the order appealed from dismissing the cause.
Two appellate questions are presented: 1) whether the trial court’s order of February 9, 1990, directing counsel to advise it of the status of the case, constitutes sufficient record activity to toll the running of the one-year time period provided in Rule 1.420(e) and 2) whether Freeman showed good cause to preclude dismissal for lack of prosecution.
Florida Rule of Appellate Procedure 1.420(e) provides that all actions in which it appears on the face of the record that no activity by filing of pleadings, order of court, or otherwise has occurred for a period of one year shall be dismissed by the court on its own motion or on the motion of any interested person after reasonable notice to the parties unless the action is stayed or a party shows good cause why the action should remain pending. The record activity required by this rule has been interpreted to mean activity which is more that a mere passive effort and is an affirmative act directed toward disposition of the case. Norflor Construction Corporation v. City of Gainesville, 512 So.2d 266 (Fla. 1st DCA 1987). As a consequence, just any activity of record is not sufficient to carry the day. The Norflor case chronicles various types of activity which are ineffective in this context, such as filing a stipulation for substitution of counsel, a motion and order reflecting a change of name of a party, and others. The court concluded in that case that neither the court order requiring counsel to advise the court of the status of the case, nor a response to the order and notice of counsel’s change of address constituted sufficient record activity to prevent operation of the rule and dismissal for failure to prosecute. To like effect, in the same district is Nelson v. Stonewall Insurance *202 Company, 440 So.2d 664 (Fla. 1st DCA 1983). Following Norflor, the second district, in Caldwell v. Mantei, 544 So.2d 252, 254 (Fla. 2d DCA 1989), held that “status requests and reports, albeit record activity, were not sufficient to avoid dismissal since they did not move the case forward toward disposition.”
As pointed out by the majority, the most recent case emanates from the third district in Miami Beach Awning Co. v. Heart of the City Inc., 565 So.2d 739, 739 (Fla. 3d DCA 1990), wherein that court concluded that “[t]he court’s order setting the cause for a status conference was, almost by definition, reasonably calculated to advance the cause toward resolution.”
I believe the conclusion reached in the first and second district courts of appeal cases is more realistic and practical and more nearly comports with the purpose of the rule. In a stretch of the imagination, I suppose most any activity demonstrates there is life in the case and nudges it along. However, the ideal is to do something affirmative, something of substance. I would also note that most of the cases relied upon by Miami Awning, and the authorities cited in those cases, involved recognized affirmative record activity, not status reports as are involved in Miami Awning and the present case.
With regard to Freeman’s contention that good cause was shown for not dismissing the cause, I would disagree. The cases abound that hold that good cause requires some contact with the opposing party and some form of excusable conduct that arose other than through negligence or inattention to pleading deadlines. Barton-Malow Co. v. Gorman Co. of Ocala, Inc., 558 So.2d 519 (Fla. 5th DCA 1990); Togo’s Eatery of Florida, Inc. v. Frohlich, 526 So.2d 999 (Fla. 1st DCA 1988). The trial court’s determination here has not been shown to be an abuse of discretion.
Accordingly, I would affirm the order appealed from and align this court with the cases cited from the first and second district courts of appeal.