OPINION OF THE COURT
Victoria A. Graffeo, J.
*1043 Defendant, Capitaland Heating and Cooling, Inc., moves for summary judgment pursuant to CPLR 3211 for lack of personal jurisdiction. Plaintiff and codefendant, Vincent Riggi, oppose the motion.
This case arises out of a slip and fall which occurred on January 9, 1989 on a sidewalk allegedly owned and/or controlled by defendants. Plaintiff commenced this action against Capitaland by the service of a summons with notice on the Secretary of State on January 9, 1992. Issue was joined by Capitaland by the service of an answer which included an affirmative defense of lack of personal jurisdiction. On May 17, 1991, Capitaland filed a petition for bankruptcy pursuant to chapter 7 of the 1978 Bankruptcy Code (11 USC) in the United States Bankruptcy Court for the Northern District of New York. The assets of the bankruptcy estate were distributed by the trustee on or about April 14, 1994 and the estate was closed on January 20, 1995. On or about November 13, 1996, attorneys for Capitaland sent a letter advising this court of the discharge in bankruptcy. A copy of the letter was forwarded to counsel for plaintiff and codefendant, Vincent Riggi.
Capitaland contends that plaintiffs action is a nullity pursuant to 11 USC § 362 since it was commenced during the pendency of the bankruptcy. Plaintiff argues that the commencement of the action subsequent to the petition being filed does not render the action a nullity; rather, the action is valid but dormant until such time the stay is lifted or the bankruptcy is discharged. 11 USC § 362 (a) (1) states that a bankruptcy petition operates as a stay of "the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title”.
The United States Court of Appeals for the Second Circuit specifically addressed this issue and held that an action commenced after the automatic stay takes effect is "void and without vitality”. (Rexnord, Holdings v Bidermann, 21 F3d 522, 527 [2d Cir 1994]; 48th St. Steakhouse v Rockefeller Group, 835 F2d 427 [2d Cir 1987], cert denied 485 US 1035 [1988].) The Ninth and Tenth Circuits have also found that such actions commenced in violation of 11 USC § 362 are void. (See, In re Schwartz, 954 F2d 569 [9th Cir 1992]; Ellis v Consolidated Diesel Elec. Corp., 894 F2d 371 [10th Cir 1990].)
*1044 In contrast, the Appellate Division, Third Department, rejected the argument that an action commenced after defendant’s filing of a bankruptcy petition is a nullity; rather, the Court reasoned that such actions are merely "voidable” in appropriate circumstances and that the action remains dormant until revived by the lifting of the stay. (Baker v Bloom, 146 AD2d 859 [3d Dept 1989]; see also, International Fid. Ins. Co. v European Am. Bank, 129 AD2d 679 [2d Dept 1987].) The Court’s decision, rendered prior to Rexnord Holdings v Bidermann (supra), recognized cases in other State courts which held the actions to be void but declined to adopt that view.
Several Federal circuits have also found that actions commenced in violation of the automatic stay are not void but "voidable”. The Third, Fourth, Fifth and Eleventh Circuits found that pursuant to 11 USC § 362 (d) a Bankruptcy Court may retroactively annul the stay under certain circumstances, thereby rendering the action valid as commenced. (In re Siciliano, 13 F3d 748 [3d Cir 1994]; Winters v Mason Bank, 94 F3d 130 [4th Cir 1996]; Picco v Global Mar. Drilling Co., 900 F2d 846 [5th Cir 1990]; In re Albany Partners, 749 F2d 670 [11th Cir 1984].) The Sixth Circuit carved an equitable exception in cases in which the debtor unreasonably withheld notice of the stay and the creditor was prejudiced. (Easley v Pettibone Mich. Corp., 990 F2d 905 [6th Cir 1993].)
Although this court is not bound to follow Federal court decisions, they are persuasive authority especially since the issue before this court is the interpretation of a Federal statute. (See, Flanagan v Prudential-Bache Sec., 67 NY2d 500; People v Kin Kan, 78 NY2d 54 [1991].) Additionally, the plain meaning of 11 USC § 362 is that the commencement of an action during the pendency of a bankruptcy proceeding is invalid. If the action is dormant until the lifting of the stay, the language in the statute stating that the commencement of an action is stayed would be superfluous and meaningless. Moreover, the purpose of the statute is to provide fundamental protection to the debtor from not only the continuation of actions already commenced but the commencement of new actions as well. (See, In re Schwartz, 954 F2d 569 [9th Cir 1992], supra.) Furthermore, 11 USC § 108 specifically allows for a party to commence an action beyond the Statute of Limitations after notice of the discharge is provided.
This court adopts the rule and reasoning of the Second Circuit and finds that an action commenced during the pendency of a bankruptcy is void ab initio absent narrow cir *1045 cumstances giving rise to a limited exception. In the case at bar, the commencement was in violation of 11 USC § 362 and, therefore, invalid. Plaintiff has not demonstrated entitlement to relief pursuant to any of the exceptions enunciated by the Federal courts.
Plaintiff’s contention that pursuant to 11 USC § 108 she should have 30 days from the date of notification of the bankruptcy discharge is correct. However, it is undisputed that on November 13, 1996, attorneys for defendant notified counsel for the plaintiff that the bankruptcy had been discharged. Plaintiff’s argument that this notice was insufficient because it did not contain a date of discharge or a copy of the order is unavailing. The fact that the letter did not contain the date of discharge is irrelevant since plaintiff had the additional time in which to commence the action from the time of the notice.
Accordingly, defendant’s motion is hereby granted and plaintiff’s complaint against defendant, Capitaland, is dismissed.