■ SAMUEL CARR et al., Respondents, v GLENDA McGRIFF, Appellant, et al., Defendants. [781 NYS2d 34]—

In an action to foreclose a mortgage on real property, the defendant Glenda McGriff appeals, as limited by her brief, from so much of an order of the Supreme Court, Queens County (Durante, J.), dated August 5, 2003, as denied that branch of her motion which was to vacate and set aside the judgment of foreclosure and sale dated September 25, 2001, the order appointing a referee to compute, and the referee's report, and as failed to determine that branch of her motion which was for leave to interpose an answer.

Ordered that the appeal from so much of the order as failed to determine that branch of the motion which was for leave to interpose an answer is dismissed, without costs or disbursements, as that branch of the motion remains pending and undecided (*see Katz v Katz*, 68 AD2d 536 [1979]); and it is further,

Ordered that the order is reversed insofar as reviewed, on the law, without costs or disbursements, and that branch of the motion which was to vacate and set aside the judgment of foreclosure and sale dated September 25, 2001, the order appointing a referee to compute, and the referee's report, is granted.

The plaintiffs commenced this action on November 2, 1995, to foreclose a second mortgage they held on real property located in Queens. The summons and complaint were personally served on the defendant Glenda McGriff (hereinafter the defendant), a one-half fee owner of the real property and one of the mortgagors, on November 8, 1995. The defendant failed to appear or answer, a referee to compute was appointed, and ultimately, a judgment of foreclosure and sale was signed on September 25, 2001.

Unbeknownst to the plaintiffs, the defendant filed a Chapter 13 petition in bankruptcy on March 22, 1996. This petition was dismissed on August 28, 1997. The defendant filed a second Chapter 13 petition in bankruptcy on October 31, 1997. This petition was successful; a Chapter 13 plan was confirmed and an order discharging the defendant was signed by the Bankruptcy Court on November 14, 2002. The plaintiffs were not listed as creditors in either of the defendant's bankruptcy proceedings.

In February 2003 the defendant moved, inter alia, to vacate the judgment of foreclosure and sale, the order appointing a referee to compute, and the referee's report on the ground that they were issued in violation of the automatic stay provisions of the 1978 United States Bankruptcy Code and were therefore void (*see* 11 USC § 362 [a] [1]). The Supreme Court denied that branch of the motion, and we reverse.

The United States Bankruptcy Code provides for an automatic stay of certain prescribed actions against the debtor or the debtor's property (*see* 11 USC § 362 [a]). The automatic stay is one of the fundamental debtor protections provided by the bankruptcy law (*see Midlantic Natl. Bank v New Jersey Dept. of Envtl. Protection*, 474 US 494, 503 [1986]; *In re Best Payphones*, 279 BR 92, 97 [SD NY 2002]; *Eastern Refractories Co. v Forty Eight Insulations*, 157 F3d 169, 172 [2d Cir 1998]). It is effective immediately upon filing without further action (*see In re Best Payphones, supra; Eastern Refractories Co. v Forty Eight Insulations, supra; Rexnord Holdings v Bidermann*, 21 F3d 522, 527 [2d Cir 1994]). Moreover, it is not limited to the litigants, and extends to the nonbankruptcy court as well. "Once triggered by a debtor's bankruptcy petition, the automatic stay suspends any non-bankruptcy court's authority to continue judicial proceedings then pending against the debtor. This is so because [section] 362's stay is mandatory and 'applicable to all entities', including state and federal courts" (*Maritime Elec. Co. v United Jersey Bank*, 959 F2d 1194, 1206 [3d Cir 1991], quoting 11 USC § 362 [a]; *see In re Best Payphones, supra*).

"[A]ny proceedings or actions described in section 362 (a) (1) are void and without vitality if they occur after the automatic stay takes effect" (*Rexnord Holdings v Bidermann, supra* at 527; *see In re Best Payphones, supra*). This includes most post-petition judicial actions. Although ministerial court actions are excepted (*see Rexnord Holdings v Bidermann, supra* [entry of judgment by clerk is not a continuation of judicial proceeding under section 362 (a) (1)]), the issuance of a decision by a judge is clearly prohibited and, therefore, void (*see In re Best Payphones, supra* at 97-98; *In re Soares*, 107 F3d 969, 975 [1st Cir 1997] [state court's post-petition direction to enter a default judgment against the debtor violated the automatic stay and was void]).

Although an action in violation of the stay is void, the bankruptcy court has the power to validate it. Congress has declared that actions to terminate, annul, or modify the automatic stay are core bankruptcy proceedings (*see In re Siskin*, 258 BR 554, 561-562 [ED NY 2001]; 28 USC § 157 [b] [2] [G]). Consequently, it is undisputed that only a bankruptcy court has jurisdiction to terminate, annul, or modify the automatic stay (*see In re Siskin, supra; see also Eastern Refractories Co. v Forty Eight Insulations, supra; Farley v Henson*, 2 F3d 273 [8th Cir 1993]).

In the case at bar, it is undisputed that the orders of the Supreme Court issued between March 22, 1996, and August 28, 1997, and those issued between October 31, 1997, and November

14, 2002, were issued in violation of the automatic stay of the Bankruptcy Code. This includes the order dated April 11, 1996, finding the defendant in default for her failure to appear or answer and appointing a referee to compute, the referee's report dated June 14, 1996, and the judgment of foreclosure and sale dated September 25, 2001. In deciding the defendant's motion, inter alia, to vacate these orders, the Supreme Court determined that the acts taken in furtherance of the foreclosure action during the pendency of the bankruptcy proceedings were not void but merely voidable. The Supreme Court went on to conclude that issuance of the orders did not violate the automatic stay because the defendant was not prejudiced by the continuation of the foreclosure action during the pendency of the bankruptcy petition. The effect of the Supreme Court's order in the case at bar was to annul the automatic stay nunc pro tunc.

The orders issued by the Supreme Court in violation of the automatic stay were void, and the Supreme Court was without authority, in effect, to annul the automatic stay of the Bankruptcy Code and ratify the orders issued during the pendency of the stay (*see Rexnord Holdings v Bidermann, supra; Eastern Refractories Co. v Forty Eight Insulations, supra*). The case relied upon by the Supreme Court is distinguishable. In *International Fid. Ins. Co. v European Am. Bank* (129 AD2d 679 [1987]), this Court held that the mere commencement of an action in violation of the automatic stay should not be voided where the bankruptcy petition did not deprive the Supreme Court of jurisdiction over the action and where the plaintiff ceased prosecution of the action when informed of the bankruptcy proceeding (*accord Kleinsleep Prods. v McCrory Corp.*, 271 AD2d 411, 412 [2000]; *cf. Bell v Niagara Mohawk Power Corp.*, 173 Misc 2d 1042, 1044-1045 [Sup Ct, Albany County, Graffeo, J., 1997]). Florio, J.P., Adams, Cozier and Lifson, JJ., concur.