■ ANTHONY STORINI, Respondent, v ISRAEL HORTIALES, Appellant. [792 NYS2d 750]—

Appeal from an order of the Supreme Court, Onondaga County (Edward D. Carni, J.), entered June 16, 2004. The order denied defendant's motion to dismiss the complaint in a personal injury action.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously reversed on the law without costs, the motion is granted and the complaint is dismissed.

Memorandum: Plaintiff purportedly commenced this action to recover damages for personal injuries by filing a summons with notice with the Onondaga County Clerk on October 9, 2001. Prior to that date, defendant had filed a chapter 13 bankruptcy petition. That petition was dismissed by order dated July 2, 2002, and defendant filed a chapter 7 bankruptcy petition on October 8, 2002. Defendant was discharged in bankruptcy on February 25, 2003, and the discharge contains a certificate of service upon plaintiff. Defendant served a notice of appearance upon plaintiff's attorney on February 11, 2002, accompanied by a letter indicating that the bankruptcy petition was pending. Plaintiff filed a new summons and complaint on January 12, 2004, but used the index number from the earlier action. Defendant moved to dismiss the complaint pursuant to CPLR 3211 (a) (2), (5) and (8).

Supreme Court erred in denying defendant's motion. The Bankruptcy Code states that the filing of a bankruptcy petition automatically operates to stay "the commencement or continuation, including the issuance or employment of process, of a

judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title" (11 USC § 362 [a] [1]). While we note the split of authority on the subject, we conclude that the clear language of the Bankruptcy Code prohibited the filing of a complaint against defendant during the pendency of the bankruptcy action (*see Bell v Niagara Mohawk Power Corp.*, 173 Misc 2d 1042, 1044-1045 [1997]; *see also Rexnord Holdings v Bidermann*, 21 F3d 522, 527 [2d Cir 1994]; *In re Schwartz*, 954 F2d 569, 570-571 [9th Cir 1992]; *Ellis v Consolidated Diesel Elec. Corp.*, 894 F2d 371, 372-373 [10th Cir 1990]; *In re 48th St. Steakhouse*, 835 F2d 427, 431 [2d Cir 1987], *cert denied* 485 US 1035 [1988]; *cf. Kleinsleep Prods. v McCrory Corp.*, 271 AD2d 411, 412 [2000]; *cf. also Winters by and through McMahon v George Mason Bank*, 94 F3d 130, 133-134 [4th Cir 1996]; *In re Siciliano*, 13 F3d 748, 750-751 [3d Cir 1994]; *Picco v Global Mar. Drilling Co.*, 900 F2d 846, 849-850 [5th Cir 1990]; *In re Albany Partners*, 749 F2d 670, 675 [11th Cir 1984]). The purported filing was therefore a nullity, and the motion to dismiss should have been granted. Furthermore, upon filing a new summons with a complaint, plaintiff was required to purchase a new index number, and his failure to do so also rendered the second attempt to commence the action a nullity (*see Murray v Hendrickson*, 16 AD3d 1058 [2005]; *Chiacchia & Fleming v Guerra*, 309 AD2d 1213, 1214 [2003], *lv denied* 2 NY3d 704 [2004]). Present—Kehoe, J.P., Gorski, Martoche, Smith and Pine, JJ.