*35 OPINION OF THE COURT
Per Curiam.
Order, dated September 10, 2004, reversed, with $10 costs, motion denied, holdover petition reinstated, and tenant granted 10 days from service of a copy of this order with notice of entry to serve an answer.
The holdover summary proceeding, founded upon allegations that tenant made unauthorized alterations to her rent-controlled apartment, was commenced via “nail and mail” service in June 2004 with the undated petition made returnable on June 15, 2004.* Tenant, who had filed a chapter 7 bankruptcy petition in February 2004 and who was discharged in bankruptcy on June 11, 2004, moved to dismiss the eviction proceeding, arguing that the holdover petition was “void[ed]” by the automatic stay provisions of the United States Bankruptcy Code (see 11 USC § 362 [a] [3]). However, even assuming, arguendo, that the bankruptcy stay remained in effect at the time that the holdover petition was served, “the stay did not deprive the court of jurisdiction over the [proceeding] commenced but merely suspended the proceedings” (Kleinsleep Prods, v McCrory Corp., 271 AD2d 411, 412 [2000], quoting International Fid. Ins. Co. v European Am. Bank, 129 AD2d 679 [1987]; accord Baker v Bloom, 146 AD2d 859 [1989]; cf. Storini v Hortiales, 16 AD3d 1110 [2005]).
Our conclusion that any automatic stay relating to the previously concluded bankruptcy proceeding does not serve to preclude the landlord from maintaining the within holdover proceeding is consistent with the Bankruptcy Court’s July 14, 2004 order denying tenant’s motion to reopen the bankruptcy case and to “void” the holdover proceeding.
McCooe, J.P., and Schoenfeld, JJ., concur.

 The precise commencement date of the holdover proceeding cannot be ascertained on the record now before us, which contains no indication as to when proof of service of the notice of petition and petition was filed (see RPAPL 735 [2] [b]).