■ INFINITY LEVANT, an Infant, by Her Mother and Natural Guardian, MARIA LEVANT, et al., Appellants, v NATIONAL CAR RENTAL, INC., et al., Respondents, et al., Defendant. [824 NYS2d 218]—

Order, Supreme Court, Bronx County (Yvonne Gonzalez, J.), entered August 17, 2005, which, inter alia, granted the National Car Rental defendants' motion pursuant to CPLR 3211 (a) (8) to dismiss the complaint, unanimously affirmed, without costs.

Plaintiffs, passengers in the motor vehicle owned by the National defendants, were injured in an accident that also took the life of their driver, defendant Public Administrator's decedent. Plaintiffs initiated this action in January 2002, less than two months after National had filed for chapter 11 reorganization in a federal bankruptcy proceeding. After commencement of pretrial proceedings, National moved for summary dismissal for lack of personal jurisdiction because of the automatic stay in effect by reason of the bankruptcy proceeding.

The filing of a bankruptcy petition automatically stays the commencement of any action or proceeding to recover a claim against the debtor that arose before the commencement of the bankruptcy proceeding (11 USC § 362 [a] [1]). The stay is mandatory, it applies in all state and federal courts (*see Emigrant Sav. Bank v Rappaport*, 20 AD3d 502, 503 [2005]), and it takes effect immediately (*see Carr v McGriff*, 8 AD3d 420, 422 [2004]), thus rendering any actions against a debtor void ab initio (*Homeside Lending, Inc. v Watts*, 16 AD3d 551, 552 [2005], citing *Matter of Dominguez*, 312 BR 499, 508 [SD NY 2004]). Only the bankruptcy court has jurisdiction to grant relief from this stay (*Carr*, 8 AD3d at 422). Furthermore, any order terminating an automatic stay operates only from the date of entry of that order, so the stipulation between these parties on December 3, 2004, did not retroactively validate plaintiffs' complaint, absent a provision to that effect in the order of the bankruptcy court (*see Eastern Refractories Co. v Forty Eight Insulations*, 157 F3d 169, 172 [2d Cir 1998]).

We have considered plaintiffs' remaining arguments and find them unavailing. Concur—Andrias, J.P., Marlow, Nardelli, Williams and Sweeny, JJ.