OPINION OF THE COURT
Memorandum.
Order reversed without costs and motion by tenant Robert Dickerson to vacate the final judgment and dismiss the petition granted.
In this nonpayment summary proceeding, appellant Robert Dickerson (tenant) moved to vacate a final judgment awarding landlord possession and the sum of $4,650. Tenant asserted that he had filed a petition in bankruptcy on October 8, 2002, prior to the commencement of this proceeding on October 31, 2002; that both he and the Bankruptcy Court had notified landlords and their counsel of the filing, and that, notwithstanding the automatic stay, landlords commenced this proceeding, obtained the final judgment and were now seeking to enforce it. In opposition to tenant’s motion, landlords’ attorney disputed tenant’s claim that landlords had received notice of the filing prior to the entry of judgment on December 5, 2002. He showed, inter alia, that tenant did not petition the Bankruptcy Court to add landlords to the creditor list until December 3, 2002 (although counsel did not show when his own name, which also appears on the list, was added thereto), and that, upon receiving notice thereof, he had moved in the Bankruptcy Court to lift the stay, but his application was not considered because tenant *63 had by then moved to dismiss the bankruptcy proceeding. The District Court, relying on International Fid. Ins. Co. v European Am. Bank (129 AD2d 679 [2d Dept 1987]), ruled that the filing of the bankruptcy petition did not deprive the court of jurisdiction over this summary proceeding but merely rendered the judicial actions voidable. The court noted that, two weeks after trial, tenant had successfully applied to withdraw the bankruptcy petition. Citing federal court cases which upheld the Bankruptcy Court’s retroactive annulment of the automatic stay in circumstances similar to those presented here (Wynn v Nationwide Ins. Co., 175 F3d 1009 [2d Cir 1999]; In re Calder, 907 F2d 953 [10th Cir 1990]), the court reasoned that tenant should not be permitted to benefit from the protection of the automatic stay. Accordingly, it denied tenant’s motion. We reverse and grant tenant’s motion to vacate the final judgment and dismiss the petition. '
It is undisputed that this proceeding was commenced in violation of the automatic stay provisions of the United States Bankruptcy Code (see 11 USC § 362 [a] [1]). The filing of the bankruptcy petition triggered the automatic stay notwithstanding that landlords were not initially listed as creditors in the bankruptcy petition (In re Dunbar, 245 F3d 1058, 1064 [2001]) and notwithstanding their alleged lack of notice of the commencement of the bankruptcy proceeding (see Carr v McGriff, 8 AD3d 420 [2004]; In re Sumpter, 171 BR 835 [1994]). The filing automatically stayed the “commencement or continuation” of any action or proceeding to recover a claim against tenant that arose prior to the commencement of the bankruptcy proceeding (11 USC § 362 [a] [1]). Although the Bankruptcy Court has the power to retroactively annul the automatic stay (11 USC § 362 [d]; see In re Myers, 491 F3d 120, 127-128 [3d Cir 2007]; In re Siciliano, 13 F3d 748, 750-751 [3d Cir 1994]), nonbankruptcy courts do not have this power (Carr, 8 AD3d at 422). Nor does tenant’s subsequent withdrawal of the bankruptcy petition retroactively annul the stay (see generally In re Myers, 491 F3d at 127-128; In re Siciliano, 13 F3d at 750-751). Thus, the entry of the final judgment was void (Carr v McGriff, 8 AD3d 420 [2004], supra). The more difficult issue is whether the commencement of this proceeding was also void. For the reasons that follow, we conclude that the commencement of this proceeding was also a nullity.
The Appellate Divisions in the Second and Third Departments initially took the position, similar to that taken by the lower *64 court here, that where an action is commenced after the filing of a bankruptcy petition, the court is not deprived of jurisdiction over the action, but the proceedings in the action are suspended and may be revived after the lifting of the stay (International Fid. Ins. Co. v European Am. Bank, 129 AD2d 679 [1987]; see also Kleinsleep Prods, v McCrory Corp., 271 AD2d 411 [2d Dept 2000]; Baker v Bloom, 146 AD2d 859 [3d Dept 1989]; Hymil Assoc. v Scott, 12 Misc 3d 34 [App Term, 1st Dept 2006]). However, in Rexnord Holdings, Inc. v Bidermann (21 F3d 522, 527 [1994]), the Second Circuit ruled that any “proceedings or actions described in section 362 (a) (1) [including the commencement of an action] are void and without vitality if they occur after the automatic stay takes effect” (see also Eastern Refractories Co. Inc. v Forty Eight Insulations Inc., 157 F3d 169, 172 [2d Cir 1998]; see generally Kalb v Feuerstein, 308 US 433, 438-439 [1940] [the bankruptcy legislation “render(ed) judicial acts taken with respect to the person or property of a debtor whom the bankruptcy law protects nullities and vulnerable collaterally”]). Subsequent to Rexnord, the approach taken by the Appellate Divisions in the Second and Third Departments came under criticism (Bell v Niagara Mohawk Power Corp., 173 Misc 2d 1042 [Sup Ct, Albany County 1997, Graffeo, J.]).
As a result of Rexnord, Eastern Refractories Co., and Bell, the Appellate Division, Second Department, modified its position. In Carr v McGriff (8 AD3d at 422), the Second Department seemingly adopted Rexnord'& rule that “any proceedings or actions described in section 362 (a) (1) are void and without vitality if they occur after the automatic stay takes effect” (see also Emigrant Sav. Bank v Rappoport, 20 AD3d 502, 503 [2d Dept 2005] [“Any nonministerial or judicial actions taken against a debtor are void ab initio, absent relief from the automatic stay”] [citations and internal quotation marks omitted]; Homeside Lending, Inc. v Watts, 16 AD3d 551 [2d Dept 2005] [same]). Such a broad pronouncement, as was made in Carr accepting the holding of Rexnord, should have included the mere commencement of an action against a debtor following a bankruptcy stay, i.e., that such commencement was a nullity, since section 362 expressly prohibits even the commencement of an action. However, while the Carr case, unlike International Fid. Ins. Co. and Kleinsleep Prods., Inc., did not involve the commencement of an action in violation of the automatic stay, the Court sought to limit and distinguish its earlier rulings, rather than overrule them, as follows:
*65 “The orders issued by the Supreme Court in violation of the automatic stay were void and the Supreme Court was without authority, in effect, to annul the automatic stay of the Bankruptcy Code and ratify the orders issued during the pendency of the stay (see Rexnord Holdings v Bidermann, supra; Eastern Refractories Co. v Forty Eight Insulations, supra). The case relied upon by the Supreme Court is distinguishable. In International Fid. Ins. Co. v European Am. Bank (129 AD2d 679 [1987]), this Court held that the mere commencement of an action in violation of the automatic stay should not be voided where the bankruptcy petition did not deprive the Supreme Court of jurisdiction over the action and where the plaintiff ceased prosecution of the action when informed of the bankruptcy proceeding (accord Kleinsleep Prods. v McCrory Corp., 271 AD2d 411, 412 [2000]; cf. Bell v Niagara Mohawk Power Corp., 173 Misc 2d 1042, 1044-1045 [Sup Ct, Albany County, Graffeo, J., 1997])” (Carr, 8 AD3d at 423 [emphasis added]).
Thus, the Carr case appears to still find that there is a limited situation in which the mere commencement of an action in violation of a bankruptcy stay is not a nullity but the action is simply stayed, to wit, when the specified conditions are met. Subsequent to Carr, the Appellate Divisions in the First and Fourth Departments ruled that actions commenced in violation of the automatic stay are nullities, without any qualifications (Levant v National Car Rental, Inc., 33 AD3d 367 [1st Dept 2006]; Storini v Hortiales, 16 AD3d 1110 [4th Dept 2005]).
Since the Appellate Division, Second Department, now applies the general rule of Rexnord that “any proceedings or actions described in section 362 (a) (1) are void and without vitality, if they occur after the automatic stay takes effect” (Carr, 8 AD3d at 422), its previous rulings in International Fid. Ins. Co. and Kleinsleep Prods, to the effect that the mere commencement of an action is not void should, at best, be narrowly limited to the situation specified in the Carr decision, i.e., “where the plaintiff ceased prosecution of the action when informed of the bankruptcy proceeding” (Carr, 8 AD3d at 423). Because landlords here continued to enforce the judgment after they learned of the bankruptcy petition, and judicial action took place here in violation of a bankruptcy stay, to wit, the awarding and entry of a judgment in landlords’ favor, the Second Department rule of International Fid. Ins. Co., as limited and *66 interpreted by Carr, does not apply, and the more general Rexnord rule should be applied treating both the petition and judgment as nullities.
Accordingly, the motion by tenant Robert Dickerson to vacate the final judgment and dismiss the petition must be granted. Inasmuch as Robert Dickerson, a cotenant under the lease, was a necessary party to this nonpayment proceeding (see Waters-view Owners, Inc. v Racimeo, 13 Misc 3d 130[A], 2006 NY Slip Op 51805[U] [App Term, 2d & 11th Jud Dists 2006]; Lozynskyj v Leland, 9 Misc 3d 133[A], 2005 NY Slip Op 51651[U] [App Term, 1st Dept]), the final judgment must be vacated and the petition dismissed as against both tenants (cf. Saint John v Andrews Inst. for Girls, 192 NY 382 [1908]).
Rudolph, EJ., McCabe and Molía, JJ., concur.