OPINION OF THE COURT
Frank M. Mora, J.
Via letter dated January 9, 2014, petitioner requests that the court reconsider its order dated January 6, 2014 which vacated a default judgment and warrant of eviction entered on December 16, 2013. The judgment was vacated sua sponte after discovering that the instant summary proceeding was filed after the respondent had already filed for bankruptcy. The court vacated the judgment ruling that the action was void because the bankruptcy filing date automatically stays the action, including commencement. (Andrew Sherer and Fern Fisher, Residential Landlord-Tenant Law in New York § 10:57 [West’s Prac Guide 2009-2010 ed].) Petitioner seeks to have the judgment reinstated, arguing that he did not get a notice of the bankruptcy until after he filed the summary proceeding. Petitioner further argues that since this matter was commenced after the bankruptcy filing, the filing does not void the action altogether, but merely stays continuation of the action until the bankruptcy is resolved. This is not correct. Notwithstanding, the default judgment is reinstated for reasons explained herein.
As a preliminary matter, although not identified as such, petitioner’s application is made pursuant to CPLR 2221 (d)— leave to reargue this court’s decision. A motion to reargue made pursuant to CPLR 2221 (d) is designed to afford a party the “opportunity to establish that the court overlooked or misapprehended the relevant facts, or misapplied any controlling principle of law. Its purpose is not to serve as a vehicle to permit the unsuccessful party to argue once again the very questions previously decided.” (Pro Brokerage v Home Ins. Co., 99 AD2d 971, 971 [1st Dept 1984] [emphasis omitted]; McGill v Goldman, 261 AD2d 593 [2d Dept 1999].)
The court hereby grants the motion to reargue, vacates its order dated January 6, 2014, and reinstates the default judgment entered on December 16, 2013, as dictated by the controlling principles of law pertaining to this issue:
Contrary to petitioner’s claim, it is well recognized that actions taken in violation of an automatic stay are void even when the acting party had no actual notice of the stay. (Carr v McGriff, 8 AD3d 420 [2d Dept 2004]; In re Morway, 2002 WL *894 34438674, 2002 Bankr LEXIS 2065 [D Vt, Mar. 8, 2002, No. 02-10009], citing Rexnord Holdings, Inc. v Bidermann, 21 F3d 522 [2d Cir 1994]; In re 48th St. Steakhouse, Inc., 835 F2d 427 [2d Cir 1987]; Federal Ins. Co. v Sheldon, 150 BR 314 [SD NY 1993]; see also Constitution Bank v Tubbs, 68 F3d 685, 691 [3d Cir 1995] [automatic stay effective regardless of whether the other parties to the stayed proceeding are aware that a bankruptcy petition has been filed].) In short, the bankruptcy stay takes effect immediately upon the filing of a bankruptcy petition. (In re Morway, 2002 WL 34438674, 2002 Bankr LEXIS 2065 [D Vt, Mar. 8, 2002, No. 02-10009], citing In re Soares, 107 F3d 969, 975 [1st Cir 1997].) As such, the Second Department has ruled that the mere commencement of an action against a debtor following a bankruptcy stay is prohibited and voids the action. (Carr v McGriff, 8 AD3d 420 [2d Dept 2004].) In particular, “proceedings or actions described in section 362 (a) (1) [including the commencement of an action] are void and without vitality if they occur after the automatic stay takes effect.” (Carr v McGriff, 8 AD3d 420, 422 [2d Dept 2004]; Rexnord Holdings, Inc. v Bidermann, 21 F3d 522, 527 [1994].) Accordingly, the Appellate Term for the Second Department also follows the rule that commencement of a summary proceeding after a petition in bankruptcy is filed renders the commencement of the action void too, and in effect, a nullity. (Yen-Ching Chen v Dickerson, 17 Misc 3d 61 [App Term, 2d Dept, 9th & 10th Jud Dists 2007].)
In Yen-Ching Chen, petitioner filed a summary proceeding approximately three weeks after respondent had filed for bankruptcy and sought to enforce a final judgment. The Appellate Term granted the respondent tenant’s motion to dismiss the petition and deemed the summary proceeding a nullity, finding that the summary proceeding was commenced in violation of the automatic stay provisions of the United States Bankruptcy Code, and that any proceedings or actions described in section 362 (a) (1) are void if they occur after the automatic stay is in effect. (Yen-Ching Chen v Dickerson, 17 Misc 3d 61 [App Term, 2d Dept, 9th & 10th Jud Dists 2007].)
Notwithstanding the foregoing, it is relevant to highlight that the Carr case had already carved out a narrow exception to this rule, which the Yen-Ching case did not fall within, but that the instant matter does. Specifically, the Carr Court ruled that where an action was commenced after the filing of a bankruptcy petition, the court was not deprived of jurisdiction over the action if plaintiff had “ceased prosecution of the action when *895 informed of the bankruptcy proceeding.” (Carr v McGriff at 423.) Instead, the proceedings would be suspended and could be revived after the stay was lifted. (Carr v McGriff at 422; compare Yen-Ching Chen v Dickerson, 17 Misc 3d 61, 64 [App Term, 2d Dept, 9th & 10th Jud Dists 2007], citing International Fid. Ins. Co. v European Am. Bank, 129 AD2d 679 [1987].)
Fatal to petitioner in the Yen-Ching case was that the petitioner pursued the matter even though petitioner knew the respondent had filed for bankruptcy. What preserves the instant action from dismissal is that the landlord here ceased prosecution of the instant action upon learning of the bankruptcy filing. The landlord in this case never sought to obtain a judgment for rent covering the rental period prior to the bankruptcy filing once he became aware of the bankruptcy proceeding. (Compare Yen-Ching Chen v Dickerson.) In fact, no “action” (other than filing the petition) was taken by petitioner while the bankruptcy proceeding was pending. It was not until after the bankruptcy order of final decree was rendered (SD NY, Nov. 17, 2013, Cecelia G. Morris, Ch. J.) that petitioner sought a default money judgment and warrant of eviction from the court — which was for fair use and occupancy of the rent covering August 2013 through December 2013 — the period of time after the bankruptcy filing. Petitioner never attempted to seek a default judgment for rental arrears that included months prior to the bankruptcy filing (Mar. 2013 to July 2013) — the period exempt from recovery due to the bankruptcy filing.
Therefore, based upon the particular facts of this case as set forth herein, it is now ordered that petitioner’s motion to reargue is granted; and it is further ordered that the order of this court, dated January 6, 2014, is hereby vacated; and it is further ordered that the matter is restored to the calendar and the default judgment and warrant of eviction entered on December 16, 2013 are hereby reinstated.