██ WELLS FARGO BANK, N.A., Respondent, v ERNEST E. RANALLI, Appellant, et al., Defendant. [34 NYS3d 494]—

In an action to foreclose a mortgage, the defendant Ernest E. Ranalli appeals, as limited by his brief, from so much of an order of the Supreme Court, Suffolk County (Pastoressa, J.), entered October 24, 2014, as granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against him and to appoint a referee.

Ordered that the order is affirmed insofar as appealed from, with costs.

In October 2007, the defendant Ernest E. Ranalli (hereinafter the appellant) obtained a mortgage loan from the plaintiff in the principal sum of $290,000. The appellant defaulted on the loan in 2010. Despite being given notice of the default, the appellant failed to cure the default and the plaintiff commenced this foreclosure action on May 16, 2011, by filing a summons and complaint with the Suffolk County Clerk's Office.

On May 20, 2011, the appellant filed a Chapter 13 bankruptcy

petition in the United States Bankruptcy Court for the Northern District of New York. Thereafter, according to an affidavit of service of the plaintiff's process server, on May 23, 2011, three days after the bankruptcy petition was filed, the appellant was personally served with the summons, complaint, and notice pursuant to Real Property Actions and Proceedings Law § 1303. According to a separate affidavit of service, an additional copy of those papers was mailed to the appellant's place of business. The affidavits of service were filed with the Suffolk County Clerk on May 26, 2011.

Despite having filed a bankruptcy petition, the appellant, through counsel, served an answer to the complaint on June 7, 2011. The answer, which was personally verified by the appellant, did not raise the pending bankruptcy petition as a bar to this action. In his answer, the appellant also interposed counterclaims against the plaintiff, which the plaintiff denied in a reply dated June 23, 2011. The plaintiff filed a proof of claim dated June 10, 2011, in the bankruptcy proceeding. No other actions were taken by the plaintiff while the bankruptcy proceeding was pending.

In an order dated July 6, 2011, the Bankruptcy Court dismissed the bankruptcy proceeding. Thereafter, in a separate order dated August 8, 2011, the Bankruptcy Court closed the bankruptcy case. Thus, the automatic stay that went into effect upon the filing of the bankruptcy petition was terminated (*see* 11 USC § 362 [c] [2] [A], [B]).

Almost a year later, in June 2012, the plaintiff filed a request for judicial intervention for a settlement conference. The conference was scheduled for August 21, 2012. A representative of the plaintiff appeared for the conference, and the appellant did not.

In March 2014, the plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the appellant and to appoint a referee. The appellant opposed the motion arguing, inter alia, that service of the summons and complaint was rendered void due to his filing of the bankruptcy petition. The Supreme Court granted the subject branches of the plaintiff's motion.

"Generally, in moving for summary judgment in an action to foreclose a mortgage, a plaintiff establishes its prima facie case through the production of the mortgage, the unpaid note, and evidence of default" (*Deutsche Bank Natl. Trust Co. v Abdan*, 131 AD3d 1001, 1002 [2015] [internal quotation marks omitted]; *see Wells Fargo Bank, N.A. v Charlaff*, 134 AD3d 1099, 1099 [2015]).

Here, in support of that branch of its motion which was for summary judgment on the complaint insofar as asserted against the appellant, the plaintiff produced the mortgage, the unpaid note, and evidence of the appellant's default.

In opposition, the appellant failed to raise a triable issue of fact. The appellant's contention that this action was void ab initio is without merit. Although the filing of a bankruptcy petition results in an automatic stay of actions against a debtor (see 11 USC § 362 [a] [1]), the commencement of an action in violation of the automatic stay does not deprive the court of jurisdiction but merely suspends the proceedings during the pendency of the automatic stay (see Kleinsleep Prods. v McCrory Corp., 271 AD2d 411, 412 [2000]; International Fid. Ins. Co. v European Am. Bank, 129 AD2d 679, 679 [1987], amended 143 AD2d 426 [1988]). Moreover, the mere commencement of an action is not voidable where, as here, the plaintiff ceased prosecution of the action when informed of the bankruptcy proceeding, took no steps toward prosecuting the action until after the bankruptcy proceeding was dismissed and the stay terminated, and no prejudice to the other parties in the bankruptcy proceeding has been shown (see Carr v McGriff, 8 AD3d 420, 423 [2004]; Kleinsleep Prods. v McCrory Corp., 271 AD2d at 412; International Fid. Ins. Co. v European Am. Bank, 129 AD2d at 679-680; cf. Valiotis v Psaroudis, 69 AD3d 610, 611 [2010]; Emigrant Sav. Bank v Rappaport, 20 AD3d 502, 503 [2005]; Homeside Lending, Inc. v Watts, 16 AD3d 551, 553 [2005]; Yen-Ching Chen v Dickerson, 17 Misc 3d 61, 65 [App Term, 2d Dept 2007]).

Accordingly, the Supreme Court properly granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the appellant and to appoint a referee. Balkin, J.P., Leventhal, Austin and Duffy, JJ., concur.