255 Huguenot Street Corp., Respondent,
against
Marina Rwechungura, Appellant.




Law Offices of Lorna A. McGregor (Lorna A. McGregor of counsel), for appellant.
Lehrman, Lehrman & Guterman, LLP (Mark A. Guterman of counsel), for respondent.

Appeal from an order of the City Court of New Rochelle, Westchester County (Susan I. Kettner, J.), entered June 14, 2017. The order, insofar as appealed from as limited by the brief, upon renewal, adhered to the determination in a prior order of that court dated December 23, 2016 denying as moot the branch of tenant's motion seeking to vacate so much of a final judgment of that court entered May 2, 2016 as awarded landlord possession based on tenant's failure to appear and answer the petition in a nonpayment summary proceeding.




ORDERED that the order entered June 14, 2017, insofar as appealed from, is reversed, without costs, and, upon renewal, the branch of tenant's motion seeking to vacate so much of the final judgment as awarded landlord possession is granted.
In this nonpayment proceeding, the petition alleges that tenant, Marina Rwechungura, failed to pay rent for the months of January through March 2016. The affidavit of service states that tenant was served by conspicuous-place service and mailing to the subject premises. Tenant failed to appear on the return date, and a default final judgment was entered against her, awarding landlord possession and the principal sum of $7,630.57. Tenant and her husband were evicted pursuant to the final judgment. 
Thereafter, tenant moved to vacate the final judgment on the grounds that service was defective and that her husband, a cotenant on the lease, had not been named in the petition. In an order dated December 23, 2016, the City Court vacated the final judgment's monetary award [*2]against tenant, but did not vacate the award of possession on the ground that that branch of tenant's motion was moot since tenant was not seeking to be restored to possession. Tenant appeals from so much of a subsequent order as, upon renewal, adhered to the determination not to vacate the possessory award.
RPAPL 735 permits conspicuous-place service only when the petitioner has attempted personal delivery or service upon a person of suitable age and discretion and failed after having made a "reasonable application," which means that there must be "at least a 'reasonable expectation of success' in finding a person on the premises to whom delivery may be made" (809-811 Kings Highway, LLC v Pulse Laser Skin Care, 25 Misc 3d 130[A], 2009 NY Slip Op 52121[U], *1 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2009], quoting Naman v Sylveen Realty Co., 222 AD2d 564, 565 [1995]; see Joseph v Lyu, 58 Misc 3d 159[A], 2018 NY Slip Op 50250[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2018]; Doji Bak, LLC v Alta Plastics, 51 Misc 3d 148[A], 2016 NY Slip Op 50792[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2016]; ZOT, LLC v Crown Assoc., 22 Misc 3d 133[A], 2009 NY Slip Op 50215[U], *1 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2009]). Here, in support of her motion to vacate the default final judgment, tenant asserted that, at the time the petition had been served, landlord had been aware that she and her husband were in Africa, and she supported this claim by attaching several email exchanges between her and landlord. Since, at the time of service of the notice of petition and petition, landlord was aware that tenant was residing outside of the country, landlord's attempts at service at the unoccupied premises did not constitute a "reasonable application" (RPAPL 735) prior to resorting to conspicuous-place service, and, thus, the service was defective (see Doji Bak, LLC v Alta Plastics, 51 Misc 3d 148[A], 2016 NY Slip Op 50792[U]; ZOT, LLC v Crown Assoc., 22 Misc 3d 133[A], 2009 NY Slip Op 50215[U],*1). 
It should be noted that landlord had the option to pursue an alternative method of service (see City of New York v Clark, 234 AD2d 120 [1996]; see also CPLR 308 [5]) and that "both New York courts and federal courts have, upon application by plaintiffs, authorized e-mail service of process as an appropriate alternative method when the statutory methods have proven ineffective" (Alfred E. Mann Living Trust v ETIRC Aviation S.A.R.L., 78 AD3d 137, 141-142 [2010]). Where the parties had been communicating via email between the United States and a foreign country, it has been held that it was proper to permit the use of email as an alternative method of service (see Safadjou v Mohammadi, 105 AD3d 1423, 1424 [2013] [involving CPLR 308 [5]). 
Moreover, tenant correctly argued in her motion to vacate the final judgment that her husband, a cotenant on the lease who was not named in the notice of petition and petition and was not served, was a necessary party to the nonpayment proceeding, and it was error for the court to enter a final judgment and to issue a warrant without having obtained personal jurisdiction over him (see Yen-Ching Chen v Dickerson, 17 Misc 3d 61, 66 [App Term, 2d Dept, 9th & 10th Jud Dists 2007]; Giacalone v Tatun, 17 Misc 3d 130[A], 2007 NY Slip Op 51985[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2007]).
Finally, in the circumstances of this case, it was error for the City Court to deny as moot the branch of tenant's motion seeking to vacate the award of possession. While it has been held that a motion to vacate a nonpayment default final judgment by an out-of-possession tenant who does not seek to be restored may be denied without prejudice when the final judgment awards [*3]only possession and the tenant has commenced a collateral wrongful-eviction action in which the issue of whether personal jurisdiction over the tenant was obtained can be raised (Third City Corp. v Lee, 41 AD2d 611 [1973]), this rule does not apply here, where the default final judgment awarded both possession and arrears. In this posture, a tenant's challenge to the entry of a final judgment cannot be relegated to a separate action, as the tenant would be entitled, where the circumstances warrant that relief, to the vacatur of the final judgment's monetary award. Since the jurisdictional issue had to be determined in this summary proceeding, it necessarily had to be passed upon with respect to the entire judgment. 
Accordingly, the order entered June 14, 2017, insofar as appealed from, is reversed and, upon renewal, the branch of tenant's motion seeking to vacate so much of the final judgment as awarded landlord possession is granted.
BRANDS, J.P., MARANO and TOLBERT, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: October 11, 2018