**In the Matter of SUNDALE ASSOCIATES, LTD., The Sunrise Club, Inc., Debtors.**

**CITY NATIONAL BANK OF MIAMI, Plaintiff,**

v.

**The SUNRISE CLUB, INC., Defendant.**

**Bankruptcy Nos. 81–00117–BKC–SMW, 81–00118–BKC–SMW.**
**Adv. No. 82–0203–BKC–SMW–A.**

United States Bankruptcy Court, S. D. Florida.

Sept. 27, 1982.

Thomas L. David, Coral Gables, Fla., Louis Phillips, Miami, Fla., for plaintiff.

Irving Mark Wolff, Miami, Fla., for defendant.

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

SIDNEY M. WEAVER, Bankruptcy Judge.

This cause came on for trial on the adversary complaint filed by the Plaintiff CITY NATIONAL BANK OF MIAMI, as Trustee under a Land Trust Agreement, against the Defendant Debtor THE SUNRISE CLUB, INC. (Debtor in Possession), seeking relief from the automatic stay imposed by 11 U.S.C. Sec. 362.

The Court having heard the testimony and examined the evidence presented, observed the candor and demeanor of the witness, considered the pleadings and argument of counsel, and being otherwise fully advised in the premises, does hereby make the following Findings of Fact and Conclusions of Law:

### FINDINGS OF FACT

1. Philip Scutieri, Jr. as Trustee, at the time of the commencement of these proceedings, held the fee simple title to the following described real property:

*First Parcel*

The East 220 feet of the Southwest one-quarter (SW¼) of the Northwest one-quarter (NW¼) of the Northeast one-quarter (NE¼) of Section 4, Township 55 South, Range 40 East, Dade County, Florida; LESS the North 171.5 feet thereof; and The North 151.04 feet of the East 220 feet of the Northwest one-quarter (NW¼) of the Southwest one-quarter (SW¼) of the Northeast one-quarter (NE¼) of said Section 4.

*Second Parcel*

The North 284.40 feet of the South one-half (S½) of the Southwest one-quarter (SW¼) of the Northwest one-quarter (NW¼) of the Northeast one-quarter (NE¼) of Section 4, Township 55 South, Range 40 East, Dade County, Florida, LESS AND EXCEPTING THEREFROM the East 220 feet thereof.

*Third Parcel*

The North one-half (N½) of the Southwest one-quarter (SW¼) of the Northwest one-quarter (NW¼) of the Northeast one-quarter (NE¼) of Section 4, Township 55 South, Range 40 East, Dade County, Florida; LESS the North 20 feet thereof; LESS the West 35 feet thereof, and LESS the East 220 feet thereof; and also LESS the West 60 feet of the East 280 feet of the South 151.50 feet of the North 171.50 feet of the Southwest one-quarter (SW¼) of the Northwest one-quarter (NW¼) of the Northeast one-quarter (NE¼) of Section 4, Township 55 South, Range 40 East, Dade County, Flor-

ida; all of the foregoing containing 2.776 acres.

2. The said Philip Scutieri, Jr. as Trustee, acquired the First Parcel on February 1, 1979 subject to a purchase money first mortgage in favor of the Plaintiff in the amount of $388,556.51.

3. The said Philip Scutieri, Jr. as Trustee, acquired the Second Parcel on January 31, 1980 subject to a purchase money first mortgage in favor of the Plaintiff in the amount of $323,608.92.

4. The said Philip Scutieri, Jr. as Trustee, acquired the Third Parcel on January 31, 1980 subject to a purchase money first mortgage in favor of the Plaintiff in the amount of $295,857.13.

5. At the time of the purchase of the First Parcel a note collateralized by the purchase money first mortgage was executed, requiring the payment of five annual installments of principal and interest commencing February 1, 1980. It appears that the annual installments due February 1980 and February 1981 were paid.

6. At the time of the purchase of the Second Parcel a note collateralized by the purchase money first mortgage was executed, requiring the payment of five annual installments of principal and interest commencing February 1, 1981. It appears that the first annual installment was paid.

7. At the time of the purchase of the Third Parcel a note collateralized by the purchase money first mortgage was executed, requiring the payment of five annual installments of principal and interest commencing February 1, 1981. It appears that the first annual installment was paid.

8. The record reflects that at the time of the commencement of these proceedings, the total outstanding principal on the three mortgages was $728,706.76, and the combined past due interest was $11,537.84. All of the mortgages carry interest at 9½% per annum and default interest of 10% per annum. The real estate taxes for the years 1980 and 1981 were unpaid at the time of the commencement of these proceedings.

9. The foregoing described real estate was originally acquired by Philip Scutieri, Jr. as Trustee, and subsequent to the commencement of these bankruptcy proceedings, Mr. Scutieri as Trustee transferred all of the real property described in paragraph 1, supra, by execution of a proper deed to THE SUNRISE CLUB, INC., a Chapter 11 Debtor in these proceedings.

10. The real estate involved is necessary and essential for the reorganization and rehabilitation of the Debtor, THE SUNRISE CLUB, INC.

11. That the transfer of the said real estate to the Debtor is unconditional, with no reservation to the grantor to recapture the real estate, or to use this Court as a shield.

12. The unimproved real estate encompasses eight (8) acres and is valued at a minimum of $320,000 per acre, a total value of $2,560,000.

13. There is substantial equity cushion for the Plaintiff in said real estate at this time, and since the Plaintiff is a purchase money mortgage creditor, the denudement of this asset from this estate in favor of said Plaintiff would be inequitable.

## CONCLUSIONS OF LAW

14. A Chapter 11 Debtor under the Bankruptcy Code is permitted to acquire property of each and every kind, including but not limited to real estate, subsequent to the commencement of the proceedings. Property so acquired by a Debtor/Debtor in Possession becomes an asset of the estate and a portion of the estate upon its acquisition (*11 U.S.C. Sec. 541(a)(7)*) and, therefore, such after-acquired property is protected by the automatic stay under *11 U.S.C. Sec. 362.*

15. Where a plaintiff in an adversary proceeding seeks to obtain a modification of the automatic stay, said plaintiff is burdened to prove that the debtor has no equity in the property (*11 U.S.C. Sec. 362(g)(1)*). The Plaintiff in this instant case has failed to discharge this burden of proof. In addition, the Debtor has proven

that the said property is necessary for its effective reorganization (*11 U.S.C. Sec. 362(d)(1)(B)*).

In view of the foregoing Findings of Fact and Conclusions of Law entered herein, a final judgment, as required by appropriate Bankruptcy Rule, will be entered in conformity herewith.