**In re MAISLIN INDUSTRIES, U.S., INC. Gateway Transportation Co., Inc. Quinn Freight Lines, Inc. Richmond Cartage Corp. Mi Acquisition Corporation Maislin Transport of Delaware, Inc., Debtors.**

**MAISLIN INDUSTRIES, U.S., INC., et al., Plaintiffs,**

v.

**C.J. VAN HOUTEN E ZOON, INC., Defendant.**

**Bankruptcy Nos. 83–03161–W to 83–03163–W, 83–03165–W to 83–03167–W.**

**Adv. No. 85–0091–R.**

**No. 85–74505.**

United States District Court, E.D. Michigan, S.D.

Oct. 31, 1986.

Steven F. Alexsy, Detroit, Mich., for plaintiffs.

John Bryant, Detroit, Mich., for defendant.

MEMORANDUM AND ORDER

COHN, District Judge.

This is an adversary proceeding filed by the debtors to recover alleged underpayments on interstate transportation tariffs. Now before the Court are Plaintiff's Objections to Bankruptcy Judge Rhodes's Memorandum Opinion and Order of June 3, 1986, denying plaintiff's motion to amend their complaint in order to add claims against defendant. For the reasons which follow, Judge Rhodes's Memorandum Opinion and Order is adopted as the findings and conclusions of the Court.

**I.**

Along with plaintiffs, I accept Judge Rhodes's factual synopsis:

On August 14, 1985, the Bankruptcy Court entered proposed findings of fact and conclusions of law regarding Van Houten's motion to dismiss. Specifically, this Court recommended that Van Houten be granted a summary judgment under [F.R.C.P. 56], because the parties' affidavits established that Van Houten had not contracted with any of the debtors, but rather with Maislin Transport, Ltd. (MTL), a separate and distinct Canadian corporation.

On September 18, 1985, the Canadian Imperial Bank of Commerce (CIBC), who is the first secured creditor of the debtors and MTL, assigned to the debtors its interest in the claims that are the subject of this adversary proceeding.

On September 24, 1985, the debtors filed a motion to amend the complaint, seeking to add MTL as a party plaintiff. This motion was filed essentially concurrently with the debtors' objections to the proposed findings of fact and conclusion of law.

On December 17, 1985, the District Court entered an order which accepted the recommendation that summary judgment be entered in favor of Van Houten, but remanded for consideration of the motion to amend. In the order of remand, the Court stated:

> The Court is concerned over the possibility that the jurisdiction of the bankruptcy court has been invoked to resolve a dispute between non-parties to a bankruptcy proceeding. See Fed.R. Civ.P. 11. The assignment appears to have no valid business purpose; its relationship to the bankruptcy proceedings is not clear: Under the circumstances it is preferable to have the bankruptcy judge rule on the motion to amend and then make a determination as to whether or not it affects the Proposed Findings. Accordingly, consideration of the Proposed Findings will be deferred pending decision by the bankruptcy judge on the motion to amend and further action by the parties dependent on such decision.

The District Court further noted that because the debtors' objections to the proposed summary judgment were rejected, "absent favorable action on the motion to amend the proposed findings should be adopted as the findings and conclusion of the Court." [Footnote omitted.]

### B.

On remand, the debtors filed a supplement to the motion to amend complaint [sic]. However, this supplement did not seek to add MTL as a plaintiff; rather, it sought to amend the complaint by identifying the assignment as the basis for their claim.

### II.

Plaintiffs argue that the amendment should be permitted pursuant to Federal Rule of Civil Procedure 15(a), as adopted by Bankruptcy Rule 7015, because "leave [to amend] shall be freely given when justice so requires." They argue that the assignment makes the claim "property of the estate," pursuant to 11 U.S.C. § 541(a)(7), over which this Court has jurisdiction pursuant to 28 U.S.C. § 1334(b), (d). 11 U.S.C. § 541(a)(7) states:

> (a) The commencement of a case under section 301, 302, or 303 of this title creates an estate. Such estate is comprised of all the following property, wherever located and by whomever held:
>
> \* \* \* \* \* \*
>
> (7) Any interest in property that the estate acquires after the commencement of the case.

28 U.S.C. § 1334(b), (d) states:

> (b) Notwithstanding any Act of Congress that confers exclusive jurisdiction on a court or courts other than the district courts, the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or *arising in or related to cases under title 11.*
>
> \* \* \* \* \* \*

(d) The district court in which a case under title 11 is commenced or is pending shall have exclusive jurisdiction of all of the property, wherever located, of the debtor as of the commencement of such case, and of the estate.

(Emphasis added).

Plaintiffs obtained the claim at issue via an assignment from MTL after the commencement of the Chapter 11 bankruptcy; it thus became part of the bankruptcy estate. *See also, In the Matter of Sundale Assoc's, Ltd.*, 23 B.R. 230, 232 (Bankr.S.D.Fla.1982). An adversary proceeding to collect the assigned claim then became a civil proceeding "arising in or related to a case under title 11."

*See Kelley v. Nodine*, 783 F.2d 626 (6th Cir.1986) (giving a broad interpretation of the "related to" jurisdiction of 28 U.S.C. §§ 1334 and 157). In *Maislin Indus., Inc. v. A.J. Hollander*, No. 86–2415, Order of Oct. 20, 1986, the Court adopted Bankruptcy Judge Rhodes's Proposed Findings of Fact and Conclusions of Law Regarding Bankruptcy Jurisdiction Over Adversary Proceedings and upheld "related to" jurisdiction over the adversary proceedings filed in this case to collect underpayments of interstate transportation tariffs. Placing form over substance, the Court would have bankruptcy jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157, 541(a)(7) and 1334(b) and (d).

 Defendant argues that the Court lacks jurisdiction over the claim because 28 U.S.C. § 1359 prohibits the use of an assignment to invoke federal jurisdiction. 28 U.S.C. § 1359 states:

A district court shall not have jurisdiction of a civil action in which any party, by assignment or otherwise, has been improperly or collusively made or joined to invoke the jurisdiction of such court.

Plaintiffs have essentially admitted that the assignment was made in direct response to Bankruptcy Judge Rhodes's recommendation that the adversary proceeding be dismissed on the grounds that the debtors were not the contracting party. The assignment was obviously made to enable the claim to be brought in the bankruptcy case. For example, the assignment recites a consideration of $1. Judge Rhodes concluded that "a clearer case for the application of this statute cannot be imagined," and I conclude that he is correct. The United States Supreme Court outlined the background, purpose and policy of 28 U.S.C. § 1359 in *Kramer v. Caribbean Mills*, 394 U.S. 823, 825–26, 89 S.Ct. 1487, 1488–89, 23 L.Ed.2d 9 (1969), as follows:

Section 1359 has existed in its present form only since the 1948 revision of the Judicial Code. Prior to that time, the use of devices to create diversity was regulated by two federal statutes. The first, known as the "assignee clause," provided that, with certain exceptions not here relevant:

"No district court shall have cognizance of any suit ... to recover upon any promissory note or other chose in action in favor of any assignee, ... unless such suit might have been prosecuted in such court ... if no assignment had been made."

The second pre–1948 statute, 28 U.S.C. § 80 (1940 ed.), stated that a district court should dismiss an action whenever:

"it shall appear to the satisfaction of the ... court ... that such suit does not really and substantially involve a dispute or controversy properly within the jurisdiction of [the] court, or that the parties to said suit have been improperly or collusively made or joined ... for the purpose of creating [federal jurisdiction]."

As part of the 1948 revision, § 80 was amended to produce the present § 1359. The assignee clause was simultaneously repealed. The Reviser's Note describes the amended assignee clause as a "jumble of legislative jargon,'" and states that "[t]he revised section changes this clause by confining its application to cases wherein the assignment is improperly or collusively made.... Furthermore, ... the original purpose of [the assignee] clause is better served by sub-

stantially following section 80." That purpose was said to be "to prevent the manufacture of Federal jurisdiction by the device of assignment." *Ibid.* (Footnotes omitted).

Apparently, Section 1359 has thus far only been invoked in the context of diversity jurisdiction. However, the language of the statute broadly addresses the jurisdiction of the district court. Certainly, the policy behind the statute is to prevent the manufacture of federal jurisdiction through assignment.

Plaintiffs respond that the assignment of the receivable did not create federal jurisdiction because the Court had subject matter jurisdiction absent the assignment pursuant to 28 U.S.C. §§ 1332(a), 1331, 1337 (diversity, federal question and commerce cases, respectively). However, plaintiffs ignore the fact that they originally invoked *bankruptcy* jurisdiction. While it's true, as plaintiffs claim, that there no longer exists a "bankruptcy court" as a separate entity, "bankruptcy jurisdiction" as a separate head of federal jurisdiction available in the district courts still remains. Thus, once a case is docketed pursuant to bankruptcy jurisdiction, other available jurisdictional grounds which have not been invoked become irrelevant within the context of the bankruptcy action. As defendant correctly points out, bankruptcy jurisdiction provides a number of procedural advantages not available in federal question or diversity actions. Most important for the purposes here is the sometimes excessively advantageous venue provision under 28 U.S.C. § 1409(a). Venue of proceedings related to bankruptcy automatically lies in the district in which the bankruptcy case itself is pending. This provision has allowed plaintiffs to pursue their adversary proceedings in the Eastern District of Michigan against defendants from all over the United States. It appears that plaintiffs are now trying to have the best of all worlds by invoking bankruptcy jurisdiction to take advantage of a generous venue provision and at the same time arguing that despite bankruptcy jurisdiction, the

district court would have subject matter jurisdiction of the claim. The fact remains that bankruptcy jurisdiction is what plaintiffs intended to invoke; they are now limited by their choice. If plaintiffs desire to invoke another type of jurisdiction to pursue the claim, they should file a complaint invoking that jurisdiction and accept the corresponding venue provisions.

To summarize: plaintiffs have attempted to manufacture bankruptcy jurisdiction by obtaining an assignment of MTL's claim against defendant and then pursuing it within the bankruptcy proceedings. 28 U.S.C. § 1359 limits the subject matter jurisdiction of the district courts under such circumstances. Judge Rhodes is correct that 28 U.S.C. § 1359 applies in the context of a bankruptcy proceeding, and that plaintiff's motion to amend the complaint should be denied.

Because of what is a rather extraordinary and indeed, excessive, attempt to extend jurisdiction in this case, the Bankruptcy Court should carefully review the extent to which counsel for the debtor requests compensation for his efforts for this adversary proceeding.

Bankruptcy Judge Rhodes's Memorandum Opinion And Order Denying Plaintiff's Motion To Amend The Complaint, entered June 3, 1986, is adopted by the Court as its findings and conclusions. Accordingly, plaintiffs' motion to amend their complaint is DENIED.

SO ORDERED.