■ HOMESIDE LENDING, INC., Respondent, v TERRENCE WATTS, Also Known as TERRENCE Q. WATTS, et al., Respondents. AMERICAN KEY et al., Nonparty Appellants. [792 NYS2d 513]—

In an action to foreclose a mortgage, American Key and S & K Properties, LLC, the successful bidders at a foreclosure sale, appeal (1) from an order of the Supreme Court, Nassau County (Alpert, J.), dated April 22, 2004, which denied their motion to confirm the foreclosure sale, nunc pro tunc, and (2), as limited by their brief, from so much of an order of the same court entered September 10, 2004, as, in effect, upon reargument, adhered to its original determination.

Ordered that the appeal from the order dated April 22, 2004, is dismissed, without costs or disbursements, as that order was superseded by the order entered September 10, 2004, made upon reargument; and it is further,

Ordered that the order entered September 10, 2004, is affirmed insofar as appealed from, without costs or disbursements.

Subsequent to the foreclosure sale held on May 1, 2003, at which the appellants were the successful bidders, the appellants discovered that on April 15, 2003, the mortgagor, the defendant Terrence Watts, also known as Terrence Q. Watts, filed a Chapter 13 petition in bankruptcy thereby invoking an automatic stay of all non-bankruptcy actions and proceedings (*see* 11 USC § 362 [a]). However, on October 31, 2003, the United States Bankruptcy Court for the Eastern District of New York dismissed that proceeding, upon, inter alia, the debtor's default and failure to file a feasible reorganization plan. The appellants thereafter moved to confirm the foreclosure sale, nunc pro tunc, alleging that the bankruptcy petition was filed in bad faith solely to obtain a stay of the pending foreclosure sale.

"Once triggered by a debtor's bankruptcy petition, the automatic stay suspends any non-bankruptcy court's authority to continue judicial proceedings then pending against the debtor" (*Maritime Elec. Co. v United Jersey Bank*, 959 F2d 1194, 1206 [3d Cir 1991]; *see Carr v McGriff*, 8 AD3d 420, 422 [2004]). Any non-ministerial or "[j]udicial actions taken against a debtor are void *ab initio*, absent relief from the automatic stay" (*Matter of Dominguez*, 312 BR 499, 508 [Bankr Ct, SD NY 2004]) and

"only a bankruptcy court has jurisdiction to terminate, annul, or modify the automatic stay" (*Carr v McGriff, supra* at 422). Accordingly, the Supreme Court correctly denied the appellants' motion to confirm, nunc pro tunc, the foreclosure sale which occurred during the pendency of the automatic stay. Schmidt, J.P., Adams, Luciano and Lifson, JJ., concur.