■ EMIGRANT SAVINGS BANK, Respondent, v LAURENCE J. RAPPAPORT et al., Defendants, and ASSET CAPITAL, LLC, Appellant. S & K PROPERTIES, LLC, et al., Nonparty Respondents. [799 NYS2d 533]—

In an action to foreclose a mortgage, the appeal is from an order of the Supreme Court, Nassau County (Lally, J.), dated August 23, 2004, which granted the motion of S & K Properties, LLC, and Millennium Home & Land, Ltd., the successful bidders at the foreclosure sale, to confirm the foreclosure sale nunc

pro tunc and to direct the referee to issue to them a referee's deed.

Ordered that the order is reversed, on the law, with costs, and the motion is denied.

The successful bidders at a foreclosure sale held on September 29, 2003, were S & K Properties, LLC, and Millennium Home & Land, Ltd. (hereinafter the successful bidders). Subsequently, the successful bidders discovered that on September 26, 2003, the mortgagors, the defendants Laurence J. Rappaport and Susan B. Rappaport, filed a Chapter 7 petition in bankruptcy, thereby invoking an automatic stay of all nonbankruptcy actions and proceedings (*see* 11 USC § 362 [a]). Thereafter, the successful bidders moved, inter alia, to confirm the foreclosure sale nunc pro tunc, and the Supreme Court granted the motion.

"Once triggered by a debtor's bankruptcy petition, the automatic stay suspends any non-bankruptcy court's authority to continue judicial proceedings then pending against the debtor" (*Maritime Elec. Co., Inc. v United Jersey Bank,* 959 F2d 1194, 1206 [1991]; *see Carr v McGriff,* 8 AD3d 420, 422 [2004]). The automatic stay is mandatory and "applicable to all entities, including state and federal courts" (*Maritime Elec. Co., Inc. v United Jersey Bank, supra* at 1206, quoting 11 USC § 362 [a]). Any nonministerial or "[j]udicial actions taken against a debtor are void ab initio, absent relief from the automatic stay" (*Matter of Dominguez,* 312 BR 499, 508 [2004]), and "only a bankruptcy court has jurisdiction to terminate, annul, or modify the automatic stay" (*Carr v McGriff, supra* at 422; *see Eastern Refractories Co. v Forty Eight Insulations,* 157 F3d 169, 172 [1998]). Accordingly, the Supreme Court should not have granted the motion (*see Homeside Lending, Inc. v Watts,* 16 AD3d 551 [2005]).

In view of the foregoing, we do not reach the parties' remaining contentions. Cozier, J.P., S. Miller, Rivera and Fisher, JJ., concur.