*679 OPINION OF THE COURT
Diccia T. Pineda-Kirwan, J.
It is ordered that this application for an order, pursuant to CPLR 5015, vacating a default judgment entered on February 8, 2005, is granted. The judgment is hereby vacated and the action is dismissed.
Defendant seeks an order vacating the default judgment, pursuant to CPLR 5015, on the basis that the judgment was entered after he filed for bankruptcy and on the basis that the debt was discharged in bankruptcy and the application requests “such other and further relief as may be just.” While not included as an exhibit to the application for an order to show cause, on the initial hearing date of March 9, 2006, pro se defendant proffered an additional document, accepted by the court on consent of plaintiffs attorney, entitled “Discharge of Debtor(s)/Order of Final Decree.” This document provides that defendant is granted a discharge under section 727 of title 11 of the United States Bankruptcy Code (11 USC). The document is dated May 4, 2005 and indicates that the date of filing the petition was December 3, 2004. Defendant then realized that he had not brought to court the “Schedule of Creditors,” which was part of his bankruptcy filing, and which listed plaintiff as a creditor. While the affidavit in support of defendant’s request to vacate the judgment states, as a defense, that “[t]his claim is included in my Chapter 7 bankruptcy,” nevertheless, defendant sought a one day adjournment to bring in the document and that request was granted on consent.
On March 10, 2006, defendant provided the court with the schedule which, in fact, lists plaintiff as a creditor and indicates the “Consideration for Claim” as a “Summons.”
Plaintiff opposes vacating the judgment on the basis that defendant was duly served with the summons and complaint and defendant has failed to state a meritorious defense or deny owing the debt. According to the affirmation in opposition, a default judgment was properly entered by the clerk of this court against defendant on February 8, 2005 upon “Proper Affidavits and Verifications [which] were provided to the Clerk of the Court” and “[o]nce Defendant filed bankruptcy, we obeyed the stay and took no further action.” Annexed to the opposition papers are (1) the summons and complaint, (2) the affidavit of service, and (3) a copy of the judgment dated January 13, 2005 evincing entry of judgment on February 8, 2005.
*680 It is well settled that in addition to the grounds set forth in CPLR 5015, a court which renders a judgment has the power to relieve a party from that judgment if it is taken through fraud, mistake, inadvertence, surprise, excusable neglect, “for sufficient reason and in the interests of substantial justice.” (Woodson v Mendon Leasing Corp., 100 NY2d 62, 68 [2003]; Matter of McKenna v County of Nassau, Off. of County Attorney, 61 NY2d 739 [1984]; Ladd v Stevenson, 112 NY 325 [1889].)
The affidavit of service of the summons and complaint, annexed to plaintiffs answering papers, indicates that service was effectuated, pursuant to CPLR 308 (4), by conspicuous place service with the affixing occurring on November 2, 2004 and the mailing occurring on November 10, 2004. According to the stamp on the affidavit of service, the affidavit was filed with the clerk of the court on November 16, 2004.
Civil Practice Law and Rules § 308 (4) provides that an affidavit of service shall be filed within 20 days after the affixing or mailing, whichever is later, and service is complete “ten days after such filing.” Pursuant to CPLR 320 (a), a defendant served by conspicuous place service is to appear within 30 days after service is complete. Thus, according to plaintiff’s papers, the date service was complete was November 26, 2004 and defendant had 30 days from that date to appear, i.e., December 26, 2004. Prior to appearing, defendant filed his petition on December 3, 2004.
According to the court docket and file, on January 18, 2005, plaintiff filed the judgment with the judgment clerk, together with plaintiff’s attorney’s affirmation and an affidavit both dated January 13, 2005 and an additional affidavit, dated December 28, 2004.
Upon the filing of a debtor’s bankruptcy petition, pursuant to the United States Bankruptcy Code, an automatic stay of certain prescribed actions against the debtor is triggered and is effective immediately, without further action. (11 USC § 362 [a] [1].) This provision stays any act to commence or continue a lawsuit or other proceeding to recover a prepetition claim against the debtor. (In re Best Payphones, Inc., 279 BR 92 [SD NY 2002].) The automatic stay is one of the fundamental debtor protections provided by the bankruptcy laws. (Midlantic Nat. Bank v New Jersey Dept. of Environmental Protection, 474 US 494 [1986].) The automatic stay is mandatory, applicable to all entities, including state and federal courts and is intended to give the debtor breathing room by stopping all collection efforts, all *681 harassment, and all foreclosure actions. (In re Soares, 107 F3d 969 [1st Cir 1997]; In re Siskin, 258 BR 554 [ED NY 2001].)
Any nonministerial or judicial actions taken against a debtor are void ah initio if they occur after the automatic stay takes effect, absent relief from the automatic stay. (Rexnord, Holdings, Inc. v Bidermann, 21 F3d 522 [2d Cir 1994]; Matter of Dominguez, 312 BR 499 [SD NY 2004]; Carr v McGriff, 8 AD3d 420 [2d Dept 2004].) Only a bankruptcy court has jurisdiction to terminate, annul, or modify the automatic stay. (28 USC § 157 [b] [2] [G]; Rexnord Holdings, Inc. v Bidermann, 21 F3d 522 [1994], supra; In re Siskin, 258 BR 554 [2001], supra; Emigrant Sav. Bank v Rappoport, 20 AD3d 502 [2d Dept 2005]; Homeside Lending, Inc. v Watts, 16 AD3d 551 [2d Dept 2005]; Carr v McGriff, 8 AD3d 420 [2d Dept 2004].) A willful violation of the automatic stay may entitle a debtor to an award of actual damages, and, where appropriate, punitive damages. (11 USC § 362 [k] [1]; In re Crysen/Montenay Energy Co., 902 F2d 1098 [2d Cir 1990].)
Certain ministerial court actions which entail no deliberation, discretion, or judicial involvement are not considered a continuation of judicial proceeding under 11 USC § 362 (a) (1) and are excepted from the stay. (In re Soares, 107 F3d 969 [1997], supra; In re Best Payphones, Inc., 279 BR 92 [2002], supra.) This may include the entry of a judgment provided the underlying issue has been decided “in word and deed” before the petition date, “leaving for post-petition achievement only the clerical act of recording the [judgment].” (Rexnord Holdings v Bidermann, supra at 527.) The stay remains in effect until the proceeding is closed or dismissed, or the time a discharge is granted or denied. (11 USC § 362 [c] [2] [A]-[C].)
In order to enter a default judgment pursuant to CPLR 3215, upon a defendant’s failure to appear, a plaintiff must submit the “requisite proof” which includes affidavits setting forth the basis of the claim, the facts of the default and that an additional mailing has been made, an affidavit of military investigation, the pleadings and an affidavit of service. (CPLR 3215 [a], [f], [g] [3] [i]; 50 USC Appendix § 521; Military Law § 303.)
Here, defendant filed a bankruptcy petition and was entitled to all the protections so doing afforded him under the bankruptcy law. (Midlantic Nat. Bank v New Jersey Dept. of Environmental Protection, 474 US 494 [1986], supra.) The automatic stay should have stopped all collection efforts on plaintiffs part but it did not do so in light of plaintiffs further *682 actions. Plaintiff did. not, as claimed, “obey[ ] the stay” and take no further action. The entry of a default judgment pursuant to CPLR 3215 is not a ministerial act exempt from the automatic stay provision as it requires a determination based on the sufficiency of the proof submitted to the clerk or the court. (Id.; 11 USC § 362 [a] [1]; In re Soares, 107 F3d 969 [1997], supra; Carr v McGriff, 8 AD3d 420 [2004], supra.) In view of the above, as of December 3, 2004, this court was stayed from taking further action and should not have entered judgment against defendant on February 8, 2005. Moreover, as the debt is therefore unsecured by a judgment, it does not survive the discharge in bankruptcy. (Cf. Carman v European Am. Bank & Trust Co., 78 NY2d 1066 [1991].)
Inasmuch as defendant filed a petition in bankruptcy court on December 3, 2004 triggering an automatic stay tolling defendant’s time to appear (11 USC § 362 [a] [1]), inasmuch as defendant has thus never defaulted in this action (CPLR 308 [4]; 320 [a]), inasmuch as plaintiffs application on January 13, 2005 for a default judgment was improper both as to the allegation that defendant had defaulted (id.; CPLR 3215) and improper as it was in contravention of the stay (11 USC § 362 [k] [1]; In re Crysen/Montenay Energy Co., 902 F2d 1098 [1990], supra; In re Florio, 229 BR 606 [SD NY 1999]; Carr v McGriff, 8 AD3d 420 [2004], supra), and thus void ab initio (Rexnord Holdings, Inc. v Bidermann, 21 F3d 522 [1994], supra; Matter of Dominguez, 312 BR 499 [2004], supra; Carr v McGriff, 8 AD3d 420 [2004], supra), and inasmuch as the debt has been discharged eliminating defendant’s obligation to pay it (11 USC § 727), defendant’s application to vacate the judgment is granted. (CPLR 5015; Woodson v Mendon Leasing Corp., 100 NY2d 62 [2003], supra; Matter of McKenna v County of Nassau, Off. of County Attorney, 61 NY2d 739 [1984], supra; Ladd v Stevenson, 112 NY 325 [1889], supra.)
In light of the bankruptcy discharge, upon vacatur, this action is hereby dismissed. (CPLR 3211 [a] [5].)