(August 17, 2006)

■ BANKERS TRUST COMPANY OF CALIFORNIA, N.A., as Trustee, Respondent, v WEN ZHOU, Appellant, et al., Defendants. MICHAEL WONG, Intervenor-Appellant. [821 NYS2d 152]—

Order, Supreme Court, New York County (Judith J. Gische, J.), entered on or about February 25, 2005, which granted plaintiff's motion to amend the judgment of foreclosure and sale, order of reference, summons and complaint and lis pendens, nunc pro tunc, and denied the cross motion of defendant and intervenor-appellant to vacate the summons and complaint, lis pendens and judgment, affirmed, with costs.

In this action to foreclose on a condominium unit, plaintiff's

motion to amend the judgment of foreclosure and sale and other pertinent papers in the action was properly granted, nunc pro tunc, to correct a minor typographical error in the description of the unit (see *Key Bank Natl. Assn. v Stern*, 14 AD3d 656 [2005]). The prior bankruptcy of the intervenor did not render invalid the court's amendment of the judgment of foreclosure and other papers. The intervenor was not the record owner of the unit when the foreclosure was commenced, and, furthermore, his bankruptcy proceeding was dismissed. Therefore, the automatic bankruptcy stay expired before the motion to amend the judgment of foreclosure was even made. Moreover, the foreclosure proceeding never reached the stage where the property was noticed for sale. The court also properly determined that entry of an amended judgment of foreclosure and sale was appropriate on a subsequent notice of pendency (see CPLR 6516).

We have considered appellants' remaining arguments and find them without merit. Concur—Buckley, P.J., Friedman, Marlow and Nardelli, JJ.

McGuire, J., dissents in a memorandum as follows: This action was stayed pursuant to 11 USC § 362 from the date the deed between defendant-appellant Zhou, as grantor, and intervenor-appellant Wong, as grantee, was recorded to the date the order was entered dismissing Wong's bankruptcy petition. Accordingly, I respectfully dissent.

By a deed, recorded November 13, 2000, intervenor-appellant Michael Wong transferred ownership of a condominium unit located at 225 East 86th Street to defendant-appellant Wen Zhou. Zhou obtained a mortgage to purchase the unit from Business Mortgage, Inc. The mortgage was ultimately assigned to plaintiff Bankers Trust Company of California.

On April 19, 2001, plaintiff commenced this action against Zhou to foreclose the mortgage, and an order appointing a referee to compute was subsequently entered. Notwithstanding (perhaps because of) the pending foreclosure action, Zhou deeded the unit back to Wong in an instrument recorded on January 7, 2002. Previously, on September 19, 2001, Wong had filed a voluntary chapter 11 bankruptcy petition, listing the unit as one of his assets. By a judgment of foreclosure and sale, dated August 22, 2002, Supreme Court confirmed the Referee's report computing the amount due under the note and mortgage and directed that the unit be sold. On June 4, 2003, an order was entered dismissing Wong's bankruptcy petition.

In September 2004, plaintiff moved to amend, nunc pro tunc, certain of the pleadings in this action, including the judgment of foreclosure and sale, to correct a minor error in the descrip-

tion of the unit. Wong cross-moved for leave to intervene, and to vacate the judgment of foreclosure and sale on the ground, among others, that the action had proceeded in violation of the mandatory bankruptcy stay imposed by 11 USC § 362. By the order appealed from, dated February 22, 2005, Supreme Court granted the motion and denied the cross motion. This appeal ensued.

"The automatic stay [mandated by section 362] is activated immediately on the filing of a voluntary chapter 11 petition under Bankruptcy Code § 301, and remains in effect . . . until the entry of an order under Bankruptcy Code § 362 (c) (2) . . . dismissing the chapter 11 case . . . . Judicial actions and proceedings, as well as extrajudicial acts, in violation of the automatic stay, are generally void and without legal effect, unless countenanced by the court in which the chapter 11 petition is pending" (*Interstate Commerce Commn. v Holmes Transp., Inc.*, 931 F2d 984, 987-988 [1st Cir 1991] [citations omitted]; *see Rexnord Holdings, Inc. v Bidermann*, 21 F3d 522, 527 [2d Cir 1994]). A stay pursuant to section 362 "is automatic and is effective nationwide without notice" (2 Collier, Bankruptcy Practice Guide ¶ 38.02 [1], at 38-8; *see In re Bresler*, 119 BR 400, 402 [ED NY 1990]; *In re Young*, 14 BR 809, 811 [ND Ill 1981]; Haig, Commercial Litigation in New York State Courts § 49.15 [4 West's NY Prac Series 2d ed]).

Here, Zhou deeded the unit to Wong in an instrument recorded on January 7, 2002, while Wong's chapter 11 bankruptcy petition was pending. On that date, accordingly, Wong's interest in the unit—an "after-acquired" interest—immediately became part of Wong's bankruptcy estate (*see* 11 USC § 541 [a] [7]), triggering the automatic stay (*see In re Mews Assoc., L.P.*, 144 BR 867 [WD Mo 1992]; *In re Dakota Indus., Inc.*, 31 BR 23 [D SD 1983]; *Matter of Sundale Assoc., Ltd.*, 23 BR 230 [SD Fla 1982]; *Matter of Moore*, 22 BR 200 [MD Fla 1982]), and precluding all courts, save the bankruptcy court in which the bankruptcy petition was pending, from taking any further actions with respect to the unit (*see Emigrant Sav. Bank v Rappaport*, 20 AD3d 502 [2005]; *Homeside Lending, Inc. v Watts*, 16 AD3d 551 [2005]; *Carr v McGriff*, 8 AD3d 420 [2004]). Therefore, the actions taken to prosecute this foreclosure action between January 7, 2002 and June 4, 2003, when the order dismissing Wong's bankruptcy petition was entered, are void and without legal effect.

The violation of the stay cannot be overlooked or ignored. Certain ministerial acts, such as the entry of a judgment by a court clerk, do not constitute the continuation of a judicial

proceeding, and are not rendered void if undertaken while a stay under section 362 is in effect (*Rexnord Holdings*, 21 F3d at 527-528). The inquiry in ascertaining whether an act is "ministerial" is whether the act occurred after a decision on the merits of the action had been rendered and the rights of the respective parties established (*see id.* at 528).

As of the date that the stay became effective—January 7, 2002—the motion to confirm the Referee's report and for a judgment of foreclosure and sale had not been decided by Supreme Court. That judgment was not signed by Supreme Court until August 22, 2002, approximately 7 1/2 months after the stay was triggered. In other words, a decision on the merits of the action had not been rendered prior to the stay. Given the nonministerial nature of the actions taken by Supreme Court during the pendency of the stay, the ensuing judgment cannot be given effect against Wong (*see Emigrant Sav. Bank, supra; Carr, supra; In re Best Payphones, Inc.*, 279 BR 92, 97-98 [SD NY 2002] ["issuance of a decision by a judge or similar officer is clearly prohibited, and therefore, void"]).

Accordingly, I would reverse the order appealed, vacate the judgment of foreclosure and sale, and remand the matter to Supreme Court for further proceedings not inconsistent with this dissent. Specifically, plaintiff should be free to: (1) make a new motion for the appointment of a referee to compute the amount due on the mortgage, and (2) if so advised, move to confirm the Referee's report and for a judgment of foreclosure and sale.*

---

* Contrary to defendants' arguments, plaintiff's second notice of pendency, filed on February 24, 2004, is valid and effective until February 24, 2007 (*see* CPLR 6513 [notice of pendency effective for three years from date of filing], CPLR 6516 [a successive notice of pendency may be filed to comply with RPAPL 1331 notwithstanding that a previously filed notice has expired]).