U.S. Bank N.A. v Rodriguez (2022 NY Slip Op 00151)





U.S. Bank N.A. v Rodriguez


2022 NY Slip Op 00151


Decided on January 11, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 11, 2022

Before: Gische, J.P., Kern, Friedman, Oing, Singh, JJ. 


Index No. 381105/07 Appeal No. 15045 Case No. 2021-03002 

[*1]U.S. Bank National Association, as Trustee for the Holders of the Specialty Underwriting and Residential Finance Trust, Mortgage Loan Asset-Backed Certificates, Series 2006-BC4, Plaintiff-Respondent,
v
Teodora Margarita Rodriguez, Defendant-Appellant, New York City Transit Adjudication Bureau, et al., Defendants.


Petroff Amshen LLP, Brooklyn (James Tierney of counsel), for appellant.
McCalla, Raymer, Leibert & Pierce LLC, New York (Harold L. Kofman of counsel), for respondent.



Order, Supreme Court, Bronx County (Doris M. Gonzalez, J.), entered on or about August 12, 2019, which denied defendant Teodora Margarita Rodriguez's motion to vacate her default and dismiss the foreclosure action for lack of personal jurisdiction pursuant to CPLR 5015(a)(4) and CPLR 3211(a)(8), unanimously affirmed, without costs.
"Subject to the provisions of subdivision (c), an appearance of the defendant is equivalent to personal service of the summons upon [her], unless an objection to jurisdiction under paragraph eight of subdivision (a) of rule 3211 is asserted by motion or in the answer as provided in rule 3211" (CPLR 320[b]; see Urena v NYNEX, Inc., 223 AD2d 442, 443 [1st Dept 1996]; Rubino v City of New York, 145 AD2d 285, 288 [1st Dept 1989]). Defendant's assertion that US Bank lacked standing in the March 12, 2018 order to show cause combined with her attempt to seek affirmative relief, such as enforcement of a short sale or a return to the settlement conference part, demonstrated a challenge to the merits of this action. Although both defendant and her counsel stated that defendant did not receive the summons and complaint or any "court papers," their failure to move at that time to dismiss the complaint for lack of personal jurisdiction failed to preserve such objection (CPLR 320[b]).
Even if considered, the affidavit of service was prima facie evidence of proper service (see Bank of Am., N.A. v Budhan, 171 AD3d 622, 622 [1st Dept 2019]). Defendant's conclusory assertion that she resided at the mortgaged property, without providing any evidence or specifying a time frame, was conclusory, and could not establish that service was deficient (see HSBC Bank USA, N.A. v Hanchard, 170 AD3d 599, 599-600 [1st Dept 2019]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 11, 2022