U.S. Bank, N.A. v Rodriguez (2024 NY Slip Op 50047(U))

[*1]

U.S. Bank, N.A. v Rodriguez

2024 NY Slip Op 50047(U)

Decided on January 16, 2024

Supreme Court, Bronx County

Gomez, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on January 16, 2024
Supreme Court, Bronx County

U.S. Bank, National Association, AS TRUSTEE FOR THE HOLDERS OF THE SPECIALTY UNDERWRITING AND RESIDENTIAL FINANCE TRUST, MORTGAGE LOAN ASSETBACKED CERTIFICATES, SERIES 2006-BC4, Plaintiff(s),

against
Teodora Margarita Rodriguez, NEW YORK CITY TRANSIT ADJUDICATION BUREAU, NEW YORK CITY ENVIRONMENTAL CONTROL BOARD, NEW YORK CITY PARKING VIOLATIONS BUREAU, ROMONA ORTIZ, JENNY ORTIZ, MARIA ORTIZ, MYRA ORTIZ, HOMERO SANCHEZ, VICTOR SANCHEZ, JOSE SANCHEZ, CARMEN MOTTA, WANDA MOTTA, ALEX MOTTA, HECTOR MOTTA, Defendant(s).

Index No: 381105/07E

Plaintiff's attorney: Robertson, Anschutz, Schneid, Crane & Partners, PLLC
Defendant Rodriguez' attorney: Petroff Amshen LLP 

Fidel E. Gomez, J.

In this action for foreclosure on a mortgage and the sale of the real property pledged as security, plaintiff moves for an order extending the time to conduct the sale of the mortgaged property prescribed by RPAPL § 1351(1). Plaintiff contends that a myriad of reasons beyond its control prevented a sale of the mortgaged premises within 90 days of the issuance of the judgment of foreclosure and sale. Defendant TEODORA MARGARITA RODRIGUEZ (Rodriguez) opposes the instant motion asserting that this action should be dismissed, thereby precluding the relief sought by plaintiff. To that end, Rodriguez cross-moves seeking to dismiss this action pursuant to CPLR § 3215(c), asserting that plaintiff's failure to timely seek the entry of a default judgment against her warrants dismissal of this action.Plaintiff opposes Rodriguez' cross-motion, asserting, inter alia, that the relief requested is barred by the law of the case doctrine.
For the reasons that follow hereinafter, plaintiff's motion is granted and Rodriguez' cross-motion is denied.
The instant action is for foreclosure on a mortgage and the sale of the real property which it encumbers. The complaint, filed on December 5, 2007, alleges that on May 26, 2006, [*2]Rodriguez executed a note between herself and plaintiff wherein Rodriguez agreed to repay a loan totaling $450,500. On the same day, as security for the foregoing loan, Rodriguez executed a mortgage, which pledged premises located at 1809 Phelan Place, Bronx, NY 10453 (1089) as security. Pursuant to the note, Rodriguez was required to repay the loan via monthly payments, each totaling $3,621.58. Per the note and mortgage, the failure to make a payment when due constituted a default. Pursuant to the note and mortgage, upon a default, plaintiff could initiate foreclosure proceedings. It is alleged that on July 1, 2007, Rodriguez defaulted by failing to make a payment then due. Based on the foregoing, plaintiff seeks a judgment allowing it to foreclose on the mortgage and sell 1089 and deeming plaintiff's copy of the mortgage an original.
On August 3, 2009, the Court (Thomson, J.) granted plaintiff's unopposed application for the entry of a default judgment against all defendants and an order of reference.
On January 8, 2016, the Court (Thompson, J.) granted plaintiff's unopposed application for a judgment of foreclosure and sale. The motion was granted on default and without opposition.
On March 16, 2018, Rodriguez filed a petition for bankruptcy [FN1]
.
On March 19, 2018, the Court (Thompson, J.) marked Rodriguez' application seeking to, inter alia, cancel the sale of 1089 withdrawn.
On August 12, 2019, the Court (Gonzalez, J.) denied Rodriguez' application pursuant to CPLR § 5015(a)(4) seeking to, inter alia, vacate the judgment of foreclosure and sale and the order of reference. Saliently, Rodriguez argued that the Court never acquired jurisdiction over Rodriguez. In addressing the merits of the denial, the Court held that the "issue of service was waived by [Rodriguez's] appearance by counsel in March 2018, in which [Rodriguez] moved for a stay and other relief, without raising the issue of personal jurisdiction."
On January 11, 2022, the Appellate Division, First Department, affirmed the order issued by the Court (Gonzalez, J.), holding that vacatur of the order of reference and the judgment foreclosure and sale was properly denied, since Rodriguez's appearance was "equivalent to personal service of the summons upon her" (U.S. Bank N.A. as Tr. for Holders of Specialty Underwriting and Residential Fin. Tr. , Mtge. Loan Asset-Backed Certificates, Series 2006-BC4 v Rodriguez, 201 AD3d 493, 493 [1st Dept 2022]).
On June 2, 2022, this Court granted plaintiff's unopposed application seeking to extend the time to conduct the sale of 1089 and extended the foregoing time by one year from the date of the order. 
On July 6, 2022, this Court amended the foregoing order, extending the time to conduct the sale of 1089 from one year thereof.
PLAINTIFF'S MOTION
Plaintiff's motion seeking an order extending the time to conduct the sale of 1089 is granted. Significantly, plaintiff establishes that since the delay in selling 1089 was occasioned by, inter alia, Rodriguez' conduct, an extension of the time to conduct the sale will not prejudice her.
RPAPL § 1351(1) states that the
judgment shall direct that the mortgaged premises, or so much thereof as may be sufficient to discharge the mortgage debt, the expenses of the sale and the costs of the action, and which may be sold separately without material injury to the parties interested, be sold by or under the direction of the sheriff of the county, or a referee within ninety days of the date of the judgment.
Thus, pursuant to RPAPL § 1351(1), in a foreclosure action, a sale must be conducted within 90 days of the date of the judgment. 
CPLR § 2004 states
[e]xcept where otherwise expressly prescribed by law, the court may extend the time fixed by any statute, rule or order for doing any act, upon such terms as may be just and upon good cause shown, whether the application for extension is made before or after the expiration of the time fixed.
In determining whether to extend the time sought, the court should consider factors such as "the length of the delay, whether the opposing party has been prejudiced by the delay, the reason given for the delay, whether the moving party was in default before seeking the extension, and, if so, the presence or absence of an affidavit of merit" (Tewari v Tsoutsouras, 75 NY2d 1, 11-12 [1989]; see Arias v First Presbyt. Church in Jamaica, 97 AD3d 712, 712 [2d Dept 2012]; Klughaupt v Hi-Tower Contractors, Inc., 64 AD3d 545, 546 [2d Dept 2009]). CPLR § 2004, by its express terms, does not extend times where other statutes prescribe mechanisms for extensions of the times prescribed therein (Powers v Foley, 25 AD2d 525, 525 [2d Dept 1966] ["The Board is not bound to continue error in its interpretation of the law governing its powers. Nor does CPLR 2004 permit an extension of time to be granted to the petitioner; it applies to extensions of time for the doing of acts in actions and proceedings and not for the doing of acts which are substantive in character and provided for under other statutes."]).
In addition to the orders discussed above, in support of the instant motion, plaintiff's counsel states that the sale could not be conducted after August 12, 2019, when the Court (Gonzalez, J.) lifted the stay precipitated by Rodriguez' motion seeking to vacate the order of reference and judgment of foreclosure and sale because of the Covid 19 pandemic [FN2]
.
Plaintiff submits two documents from the Public Access to Court Records website. The [*3]first evinces that on November 11, 2022, Rodriguez filed a bankruptcy petition. The second document evinces that on May 15, 2023, the bankruptcy was dismissed and all stays arising therefrom were lifted.
Based on the foregoing, plaintiff's application seeking to extend the time to conduct the sale of 1089 is granted. As noted above, the instant application is one pursuant to CPLR § 2004 and as such, in determining whether to extend the time sought, the court should consider factors such as "the length of the delay, whether the opposing party has been prejudiced by the delay, the reason given for the delay, whether the moving party was in default before seeking the extension, and, if so, the presence or absence of an affidavit of merit" (Tewari at 11-12 ;see Arias at 712; Klughaupt at 546). Here, it is clear that all delays in selling 1089 within the 90 days prescribed by RPAPL § 1351(1) and the time period prescribed by this Court's most recent order, dated July 7, 2022, were occasioned by Rodriguez' applications seeking to stay the sale, vacate the Court's prior orders, and have this action dismissed, the multiple bankruptcies filed by Rodriguez, and the regulations promulgating a stay in foreclosure actions precipitated by the Covid 19 pandemic. All of he foregoing actions and events were not precipitated by plaintiff and as a result, where as here, the Court has issued an order of reference defaulting all defendants, a final judgment of foreclosure and sale, and has denied Rodriguez' motion to vacate the same, Rodriguez' will not be prejudiced by the extension sought. 
Nothing urged by Rodriguez warrants denial of the instant motion and as will be discussed below, her application seeking to dismiss this action is wholly without merit and therefore, must be denied. 
RODRIGUEZ' CROSS-MOTION
Rodriguez' cross-motion seeking to dismiss this action pursuant to CPLR § 3215(c) is denied. Significantly, where as here, Rodriguez has defaulted and such default has been ratified by a subsequent order and appeal affirming the same, the law of the case doctrine, among other legal principles, precludes vacatur of the Court's order. 
It is well settled that unless there is a lack of subject matter jurisdiction rendering it void, "an order or judgment of a court is binding on all persons subject to its mandate until vacated or set aside on appeal (Murray v Goord, 298 AD2d 94, 97 [1st Dept 2002], affd, Matter of , 1 NY3d 29 [2003]; see Hughes v Cuming, 165 NY 91, 94 [1900]). 
To that end, the law of the case doctrine generally bars the re-litigation of a prior pre-judgment judicial determination made within the same action (People v Evans, 94 NY2d 499, 502 [2000]; Brownrigg v New York City Housing Authority, 29 AD3d 721, 722 [2d Dept 2006]). Judges of coordinate jurisdiction are thus prohibited from entertaining or deciding previously decided matters (id. at 503-504; Gee Tai Chong Realty Corp. v GA Insurance Company of New York, 283 AD2d 295, 296 [1st Dept 2001]). Significantly,
[o]nce a point is decided within a case, the doctrine of the law of the case makes it binding not only on the parties, but on all other judges of coordinate jurisdiction. While the adoption of the Individual Assignment System has greatly attenuated reliance upon the doctrine, where an application on an issue is directed to different justices, the finality to be ascribed to the prior ruling becomes a paramount consideration
(Gee Tai Chong Realty Corp. at 296 [internal quotation marks omitted]). In certain instances, however, the doctrine is not absolute and its applicability is circumscribed. Accordingly, the [*4]doctrine is only applicable when parties seek to re-litigate issues that were previously resolved on the merits (Gee Tai Chong Realty Corp. at 296), and where the parties were previously afforded a full and fair opportunity to litigate the issues being raised (Evans at 502; Gee Tai Chong Realty Corp. at 296). Moreover, a previously decided issue can be re-litigated if there exist extraordinary circumstances or there is a change in law applicable to the issues previously decided (Brownrigg at 722; Foley v Roche, 86 AD2d 887, 887 [2d Dept 1982]).
Accordingly, once a prior a judge on a motion conclusively decides an issue, it becomes binding upon the proceedings thereafter. In Gee Tai Chong Realty Corp, the court denied defendants' motion for summary judgment and held that defendants were obligated to provide the plaintiff with insurance coverage (id. at 296). Thereafter, at trial, when defendants sought to re-litigate the issue of coverage, the Court concluded that re-litigation of the issue of coverage was barred by the law of the case doctrine (id. at 296).
Significantly, however, when motions for summary judgment result in denials of the same premised upon issues of fact precluding such relief, such decision does not preclude the re-litigation of summary judgment at trial or thereafter, since no conclusive finding has been made so as to trigger the law of the case doctrine (Cushman & Wakefield, Inc. v 214 East 49th Street Corp., 218 AD2d 464, 468 [1st Dept 1996]["The dissent is correct when it notes that this case was tried upon the supposition that the pretrial decision denying both parties' respective motions for summary judgment (Altman, J.) had narrowed the issues at trial, and that the quantum of plaintiff's brokerage services, however slight, was not in controversy before the trial court. Indeed, there was never any dispute as to the two brief visits made by plaintiff's salesman to defendant. But we are unable to conclude that the outcome of the parties' motion practice was to relieve plaintiff of its obligation to establish a prima facie case, or its obligation, if it were ultimately to prevail, to prove its case by a preponderance of the credible evidence. This Court, of course, is not bound by the doctrine of 'law of the case' made on pretrial motions in reviewing a full record after trial."]; Sackman-Gilliland Corporation v Senator Holding Group Corp., 43 AD2d 948, 949 [2d Dept 1974] ["A denial of a motion for summary judgment is not necessarily res judicata or the law of the case that there is an issue of fact in the case that will be established at the trial."]).
Based on the foregoing, Rodriguez' motion must be denied since it is wholly devoid of merit. 
First, to the extent that Rodriguez seeks to dismiss the instant action, without first moving to vacate the order of reference, which granted a default judgment against her, she is precluded from seeking the affirmative relief of dismissal (Holubar v Holubar, 89 AD3d 802, 802 [2d Dept 2011] ["In granting the defendant's untimely motion to dismiss the complaint insofar as asserted against her, the Supreme Court improperly, in effect, excused the defendant's default in the absence of a request for such relief"]; McGee v Dunn, 75 AD3d 624, 625 [2d Dept 2010] ["Under such circumstances, the Supreme Court improvidently exercised its discretion in granting the defendant's untimely motion to dismiss the complaint, as it, in effect, excused the defendant's default in the absence of a request for such relief."]; May v Hartsdale Manor Owners Corp., 73 AD3d 713 [2d Dept 2010] ["Here, the defendant CDT Real Estate Management Corp. (hereinafter CDT) attempted to place the blame for its default in answering upon its insurance company. However, CDT already was in default by the time it finally forwarded the summons [*5]and complaint to its insurance broker, and CDT failed to offer any explanation for this delay. Accordingly, it was an improvident exercise of discretion to excuse the default of CDT, and to extend its time to serve an answer in the absence of a cross motion for such relief."]; Hosten v Oladapo, 44 AD3d 1006, 1006 [2d Dept 2007] ["Although the plaintiff failed to demonstrate his entitlement to a default judgment, the court erred in deeming the defendant's answer timely filed and served in the absence of a cross motion for this relief and without the necessary showing of a reasonable excuse for the default and a meritorious defense."]). 
Here, the Court (Thompson, J.) held that Rodriguez had defaulted and entered a judgment against her. Thereafter, the Court (Gonzalez, J.), denied Rodriguez' application to vacate Rodriguez' default and, inter alia, the order of reference, which promulgated the same. The foregoing order was appealed and affirmed (U.S. Bank N.A. as Tr. for Holders of Specialty Underwriting and Residential Fin. Tr. , Mtge. Loan Asset-Backed Certificates, Series 2006-BC4 at 493). Accordingly, until the order of reference is vacated, relief not sought by Rodriguez, she is precluded from seeking affirmative relief.
Second, even if the Court reached the merits of the instant application, the relief sought is precluded by the law of the case, which, here, is that Rodriguez defaulted in answering. By implication, this holding also means that the instant action did not warrant dismissal, as urged, pursuant to CPLR § 3215(c). As noted above, the law of the case doctrine generally bars the re-litigation of a prior pre-judgment judicial determination made within the same action (People at 502; Brownrigg at 722). Accordingly, judges of coordinate jurisdiction are thus prohibited from entertaining or deciding previously decided matters (id. at 503-504; Gee Tai Chong Realty Corp. at 296). Here, dismissal of the action, as urged by Rodriguez, would require overruling a judge of this Court, which, of course, the law prohibits.
Lastly, while Rodriguez could have conceivably sought to reargue [FN3]
 the Court's (Gonzalez J.) order, dated August 12, 2019, which denied her application to, inter alia, vacate her default, while concomitantly seeking to dismiss this action on the grounds asserted in her cross-motion, the decision by the Appellate Division, First Department affirming the Court's order now precludes such relief. Indeed, Rodriguez would have to seek reargument of the Appellate Division's decision. To the extent that Rodriguez could have sought reargument at the Appellate [*6]Division, such relief had to be sought within 30 days of the service of that order upon her (22 NYCRR 1250.16 ["A motion for reargument of or leave to appeal to the Court of Appeals from an order of the court shall be made within 30 days after service of the order of the court with notice of entry."]). Here, procedurally, while the Court's file is bereft of a Notice of Entry to which the Appellate Division's decision is appended, Rodriguez could conceivably still seek reargument of the Appellate Division's decision [FN4]
. As a matter of substance, however, it is unlikely that the Appellate Division would rule in Rodriguez' favor, since per the decision by the Appellate Division, it is clear that Rodriguez waived her personal jurisdiction defense and failed to timely answer.
Moreover, as urged by plaintiff, on this record, Rodriguez waived her right to seek dismissal pursuant to CPLR § 3215(c) (Bank of Am., N.A. v Carapella, 218 AD3d 631, 633 [2d Dept 2023] ["It is well settled that a defendant can waive the right to seek dismissal of an action pursuant to CPLR § 3215(c). A defendant may waive the right to seek dismissal pursuant to CPLR 3215 (c) by his or her conduct. Here, the defendant did not move pursuant to CPLR 3215 (c) to dismiss the complaint insofar as asserted against him until nearly three years after the defendant's attorney filed a notice of appearance on his behalf. Under these circumstances, the defendant waived his right to seek dismissal pursuant to CPLR 3215 (c) by his active participation in the litigation" (internal citations and quotation marks omitted).]; U.S. Bank N.A. v Nur, 208 AD3d 709, 709 [2d Dept 2022] ["In any event, although the defendant and nonparty Eleven Forty, Inc., opposed the plaintiff's motion for leave to enter a default judgment and for an order of reference by requesting that, pursuant to CPLR 3215 (c), the complaint be dismissed insofar as asserted against the defendant as abandoned, as the Supreme Court determined, the right to seek dismissal of the complaint pursuant to CPLR 3215 (c) was waived."]; Bank of Am., N.A. v Lichter, 192 AD3d 957, 957 [2d Dept 2021] ["Here, the defendants waived their right to seek dismissal of the complaint pursuant to CPLR 3215 (c) by filing a notice of appearance in 2016."]; U.S. Rof III Legal Tit. Tr. 2015-1 v John, 189 AD3d 1645, 1650 [2d Dept 2020] ["For similar reasons, we also agree with the plaintiff's contention that John waived her right to seek dismissal of the complaint pursuant to CPLR 3215 (c). A defendant may waive the right to seek dismissal pursuant to CPLR 3215 (c) by his or her conduct. Here, John's cross motion to dismiss pursuant to CPLR 3215 (c) was made nearly two years after John's attorney filed a notice of [*7]appearance on her behalf. Under these circumstances, John waived her right to seek CPLR 3215 (c) dismissal by her active participation in the litigation" (internal citations and quotation marks omitted).].
Here, as both the Court (Gonzalez, J.) and the Appellate Division held, Rodriguez filed a notice of appearance in this action on March 2018, which constituted a waiver of any personal jurisdiction defense. Moreover, as relevant here, even if this Court could reach the merits of Rodriguez' application for dismissal of the action pursuant to CPLR § 3215(c), the instant cross-motion is made more than five years after Rodriguez filed her notice of appearance and more than four years after she moved to dismiss this action on completely different grounds, thereby actively participating in the action and abandoning entitlement to the instant relief. Accordingly, the instant motion, even if considered, would be denied on grounds of waiver (Bank of Am., N.A. at 633; U.S. Bank N.A. at 709; Bank of Am., N.A. at 957; U.S. Rof III Legal Tit. Tr. 2015-1 at 1650). It is hereby
ORDERED that the time to conduct a sale of the mortgaged property is extended by 12 months from the service of this Decision and Order, with Notice of Entry, upon all parties. It is further
ORDERED that the sale authorized by the Judgment of Foreclosure and Sale be conducted in accordance with Administrative Order 2.24.2023 and the Amended Bronx Auction February 2023, which are appended hereto. It is further
ORDERED that the Judgement of Foreclosure and Sale be deemed amended to list Nationstar Mortgage, LLC, whose telephone number is 888-480-2432 as the servicer for the instant mortgage. It is further
ORDERED that plaintiff serve a copy of this Order, Administrative Order 2.24.2023, and the Amended Bronx Auction Plan February 2023 with Notice of Entry upon defendants and the referee within 30 days hereof.
This constitutes this Court's Decision and Order.
Dated : January 16, 2024
Bronx, New York
HON. FIDEL E. GOMEZ, JSC

Footnotes

Footnote 1:Pursuant to 11 USC § 362(a), a bankruptcy filing automatically stays and suspends any and all judicial proceedings pending against the debtor, whether in state or federal court (Levant v National Car Rental Incorporated, Inc., 33 AD3d 367, 368 [1st Dept 2006]; Emigrant Savings Bank v Rappaport, 20 AD3d 502, 503 [2d Dept 2005]; Carr v McGriff, 8 AD3d 420, 422 [2nd Dept 2004]). Any judicial ministerial actions taken against the debtor, such as issuing decisions, absent relief from the automatic stay, are void ab initio and only a bankruptcy court can grant relief or lift a stay (Levant at 33).

Footnote 2:On March 9, 2021, the COVID-19 Emergency Protect Our Small Businesses Act of 2021 became effective, which as relevant here, directed that "[i]n any action to foreclose a [commercial] mortgage in which a judgment of sale has been issued prior to the effective date of this act but has not yet been executed as of the effective date of this act, including actions filed on or before March 7, 2020, the court shall stay the execution of the judgment at least until the court has held a status conference with the parties" (id. at Part B, Subpart A, Section 8). Section 10 of the last amendment to the foregoing Act states that it would be effective until January 15, 2022.

Footnote 3:CPLR § 2221(d)(1) authorizes the reargument of a prior decision on the merits and states that such motion
shall be based upon matters of fact or law allegedly overlooked or misapprehended by the court in determining the prior motion, but shall not include any matters of fact not offered on the prior motion.
Accordingly,
[a] motion for reargument, addressed to the discretion of the Court, is designed to afford a party an opportunity to establish that the court overlooked or misapprehended the relevant facts, or misapplied any controlling principal of law. Its purpose is not to serve as a vehicle to permit the unsuccessful party to argue once again the very questions previously decided
(Foley v Roche, 68 AD2d 558, 567 [1st Dept 1979]; see also, Fosdick v Town of Hemstead, 126 NY 651, 652 [1891]; Vaughn v Veolia Transp., Inc., 117 AD3d 939, 939 [2d Dept 2014]).

Footnote 4:In this action the parties have consented to e-file documents. As such while papers filed on NYSCEF are deemed served ( 22 NYCRR 202.5-b[b][2][i] ["After commencement of an action wherein e-filing is authorized, documents may be electronically filed and served, but only by, and electronic service shall be made only upon, a party or parties who have consented thereto."]), it is clear that a notice of entry must be served separate and apart from any order filed by the County Clerk (22 NYCRR 205-b[h][2] ["Upon entry of an order or judgment, the NYSCEF site shall transmit to the e-mail service addresses a notification of receipt of such entry, which shall not constitute service of notice of entry by any party. A party shall serve notice of entry of an order or judgment on another party by serving a copy of the order or judgment and written notice of its entry. A party may serve such documents electronically by filing them with the NYSCEF site and thus causing transmission by the site of notification of receipt of the documents, which shall constitute service thereof by the filer."]).